**Paulette Sue McCLARNON, Respondent,**

v.

**Billy Ray McCLARNON, Appellant.**

**No. KCD 27544.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

David A. Welte, Thomas J. McGrath, Olsen, Talpers & Welte, Kansas City, for appellant.

Ted V. McGuire, Tierney, Mushkin & McGuire, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The appellant father appeals from a judgment which denied change of custody of the infant Mitchell from the respondent mother. The original award of custody was entered upon the dissolution of the marriage in July of 1970 at which time the child was four years of age.

After this domestic rupture, the respondent entered into an admitted adultery with a male who shared living quarters with her and the boy. After a year, the respondent repented of this liaison and brought it to an end. Thereafter, she removed with the boy to Parkville where, for about a month, she shared a house with a Pat McAvoy and his two children. The appellant testified that she had slept with McAvoy, but the respondent denies an improper relationship with him. A few months later the respondent married one Jimmy Rusco, but was prompted by his abuse to divorce him.

The boy Mitchell has been beset by a tendency [seemingly an inheritance from the mother] to adiposity, so that at the time of the hearing for change of custody, he weighed 115 pounds—50 pounds over normal—although then only eight years of age. Since her divorce from the appellant, the respondent has worked steadily, so that Mitchell has spent much time with sitters.

At the trial [and on this appeal] the appellant has complained that the respondent has been neglectful of the child so that he has become slovenly of appearance, habit and manner. The appellant complains also that the mother has done nothing, as by way of diet, to abate the child's weight, although Mitchell had always responded well to such controls during his periods of visitation custody. This evidence, as well as the admitted episode of promiscuity and the inference of other impropriety, the appellant asserts, shows the unfitness of the respondent mother as the custodian of the boy.

We need only say that a review of the record of this hearing discloses that the judgment which confirmed custody in the respondent mother comports with the exercise of a wise discretion and took fully into account those statutory elements required for consideration by § 452.300, R.S.Mo.Supp. 1973.

The court made careful inquiry into the causes of the condition of overweight which beset the child and deferred decision until the medical procedure by diet for the reduction of his weight had been established. The respondent, in turn, pledged herself to follow the medical regimen prescribed for the continued reduction and control of the boy's abnormal disposition to corpulence.

The admitted adultery, a folly recognized by the respondent and discontinued by her long before the change of custody motion, standing alone, is not sufficient to stigmatize her as an unfit custodian. It is the effect of such conduct on the child which is the paramount consideration. *Klaus v. Klaus,* 509 S.W.2d 479, 481[9, 10] (Mo.App.1974). The trial court apparently found no inference that the boy was aware of, or had been affected by, his mother's misconduct. The judgment of the court is also consistent with a finding, upon disputed evidence, that no impropriety subsisted between the respondent and McAvoy, as contended by the appellant.

We defer to the opportunity of the trial court to have judged the credibility of the witnesses [Rule 73.01] and conclude that the judgment is consistent with the best interest of the child.

Accordingly, the judgment is affirmed.

All concur.