In re MARRIAGE OF Judy Lee COOK, Petitioner (Appellant),

and

Jerry Blanton Cook, Respondent (Respondent).

Nos. 36477, 36675.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 16, 1975.

Rehearing Denied Jan. 23, 1976.

Fred Roth, Clayton, for petitioner-appellant.

Love & Lacks, Chester A. Love, Thomas K. Edelmann, St. Louis, for respondent.

McMILLIAN, Judge.

This appeal is taken from an order of the Circuit Court on a Motion to Modify a Divorce Decree. The parties were divorced on February 28, 1972 and Petitioner Judy Lee Cook was awarded custody of the couple's two children, Gina, now age 5, and Jerry, now age 9. Respondent Jerry Blanton Cook was ordered to pay $25 per week as support for each child and $1 per year alimony.

On February 20, 1974, petitioner brought an action against respondent to increase the child support and maintenance payments and to be awarded suit money and attorney's fees. Respondent filed a cross motion on April 10, 1974, seeking custody of the two children. After a hearing on the motions, the trial court granted respondent's motion for change of custody and terminated the child support payments. Petitioner was denied an increase in maintenance, suit money and attorney's fees. The court assessed costs against respondent.

Thereafter, on August 30, 1974, petitioner filed a motion for attorney's fees and costs on appeal. The court sustained the motion in part by ordering respondent to pay for the cost of the transcript on appeal but deferred the awarding of attorney's fees and cost of printing a brief pending the determination of the appeal.

In the present action petitioner appeals from the determination made by the trial court. She alleges that the evidence presented to the trial court was insufficient to award custody of the children to respondent, that their custody should be returned to her, that the court should have granted her motion to increase child support and alimony payments, and the court should have awarded her suit money and attorney's fees. For the reasons stated below, we reverse the order to transfer child custody to respondent, affirm the denial of an increase in child support and maintenance, and remand to the trial court the determination of whether to grant petitioner's motion for suit money and attorney's fees.

■ Our scope of review on appeal from this non-jury case is set out in Rule 73.01(3), V.A.M.R., which provides that "[t]he court shall review the case upon both the law and the evidence as in suits of an equitable nature. Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." We have a duty to reach our own conclusions based on the law and evidence, In re The Marriage of Zigler, 529 S.W.2d 909 (Mo. App., St. Louis 1975); Powers v. Powers, 527 S.W.2d 949 (Mo.App., St. Louis 1975) but should give due deference to the trial court's judgment unless it is clearly erroneous. R. L. S. v. J. E. S., 522 S.W.2d 5 (Mo.App.1975).

■ The new Missouri Dissolution of Marriage Statute[1] is applicable here as the proceeding for modification was commenced after January 1, 1974. Section 452.415(3). The statute provides that:

"The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." (Section 452.410)[2]

■ In his pleadings, respondent alleged that the petitioner had failed to exercise

1. Sections 452.300—452.415, RSMo Supp. 1973.

2. 452.410 codifies long-existing common law in Missouri. Therefore, decisions under the old divorce law are often still authoritative. Kanady v. Kanady, 527 S.W.2d 704 (Mo. App.1975).

proper care and supervision and had left the children in the care of others for protracted periods of time and that since the decree of divorce the aforesaid children had developed severe emotional problems. He further alleges that he has remarried and is now capable of providing the children with a wholesome and adequate home environment. These alleged changes in circumstances were not sufficiently proven at the hearing to warrant a change in custody.

The evidence set forth demonstrates that petitioner has provided the children with adequate care. The children were given frequent medical and dental examinations. The daughter's corrective shoes and the son's eye glasses were regularly adjusted, and the son was being treated by a psychologist. No evidence indicated that proper care was lacking.

Nor was it established that petitioner left the children for such protracted periods of time as to warrant a change of custody. The record reveals that petitioner had a steady "baby sitter" stay with the children while she was at work. When she took an occasional short vacation, she left the children in the care of others. The one time she was gone for more than a week she left the children with their father. For a few months Gina stayed with appellant's sister, but now she is back with appellant. Thus, under the facts alleged, appellant's care and supervision of her children was not inappropriate.

Nor did respondent prove that the children had developed severe emotional problems since the divorce. Jerry has a short attention span and on the school's recommendation, the appellant takes him to a psychologist weekly. Gina needs considerable amounts of attention. No other emotional problems were asserted. This evidence falls short of proving that since the original decree the children have developed "severe emotional problems" which necessitate a transfer of custody.

Respondent's final allegation was that since the divorce he has remarried and can now provide the children with a wholesome and adequate home environment. However, remarriage is not in itself a sufficient reason for changing custody of a child. I__ v. I__, 482 S.W.2d 523 (Mo.App.1972).

While asserting that his home environment was adequate and wholesome, respondent indicated that petitioner's sexual conduct made the environment in which she raised the children unwholesome. At the trial, testimony as to petitioner's sexual conduct was set forth over the objections of her counsel. We hold that this evidence was admissible so that the court could make a determination of the environment in which the children are being reared. While we recognize that a party's proof must conform to his pleadings, *Cory v. Conqueror Trust Co.*, 86 S.W.2d 611 (Mo.App.1935), technical rules as to pleadings should not prevent a decision on the merits where the welfare of minor children is at stake. *McFadden v. McFadden*, 509 S.W.2d 795 (Mo.App.1974). Thus, respondent's allegations in his pleadings that petitioner had failed to exercise proper care and supervision over the children and that he could provide the children with a wholesome home environment were broad enough to allow proof as to petitioner's sexual conduct. However, upon consideration of this evidence, we hold that it does not constitute a changed circumstance which warrants a transfer of custody.

Petitioner testified that she had sexual intercourse with a married man in her apartment on four to six occasions when the children were present. But she further testified that she and this man had sexual intercourse in the apartment only behind the locked doors of her bedroom and only after the children had gone to bed. She testified that this man never spent the night and would usually leave before midnight, although he occasionally stayed into the early morning hours. In short, there is no evidence that the children were aware of the type of relationship that their mother had with this man or that the relationship had any influence on them.

While morals of a parent are a proper factor to consider in modifying custody, I___ v. I___, 482 S.W.2d 523 (Mo.App.1972), M___ L___ v. M___ R___, 407 S.W.2d 600 (Mo.App.1966), *Hurley v. Hurley,* 284 S.W.2d 72 (Mo.App.1955), any immoral behavior must affect the children and their welfare before it would be relevant for purposes of transfer of custody. *J___ F___ R___ v. R___ R___,* 482 S.W.2d 543 (Mo. App.1972), *McPherson v. McPherson,* 447 S.W.2d 791 (Mo.App.1969); *Stone v. Stone,* 378 S.W.2d 824 (Mo.App.1964). Specifically, sexual intercourse such as petitioner had committed is not sufficient to establish that a parent is an unfit custodian, without a showing that the children are adversely affected. *Klaus v. Klaus,* 509 S.W.2d 479 (Mo.App.1974); *McClarnon v. McClarnon,* 528 S.W.2d 795 (Mo.App.1975); *Yount v. Yount,* 366 S.W.2d 744 (Mo.App.1963). Respondent has set forth no proof that the children were adversely affected by this relationship. On the basis of the facts presented in the record, we conclude that there is insufficient evidence to warrant the change of custody ordered by the trial court.

Having concluded that the children should remain in petitioner's custody, it becomes necessary to consider the matter of child support. Petitioner argues that the trial court erred in denying her motion to increase the child support and maintenance. We disagree.

The statutory provision which governs modification of support and maintenance is § 452.370, which states, in part:

"1. Except as otherwise provided in subsection 6 of section 452.325, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

The facts as to the finances of the parents are as follows: At the time of the original divorce decree, respondent was ordered to pay $25 a week for support of each child and $1 per year alimony. In her motion to modify, petitioner asked for $45 per week for each child and $10 a week for her own maintenance. At the time of the divorce petitioner was earning $450 a month and had monthly expenses of $846. At the hearing she testified she was earning $630 a month and had estimated expenses of $964 per month. However, her statement of income shows that she was earning $730 and had monthly expenses of approximately $825. Using the figures set forth at the hearing, at that time, petitioner's expenses had increased $118 per month, while her salary had increased $180 per month. However, based on the figures set forth in her financial statement, petitioner's income had increased by $280 a month and her expenses had decreased by about $21 per month.

Respondent's financial situation, on the other hand, has worsened since the time of the original decree. When the award was first made, respondent was earning $14,232 by working a second job. He has since been laid off his second job and earns $1050 a month at his regular place of employment. He does not intend to seek a second job now, as he is involved with church work which takes a substantial amount of time. As for his expenses, he has remarried and is paying two notes on the house he shares with his new wife and two stepchildren. There is no evidence that he has acquired any new assets since the time of the divorce.

The changed circumstances which petitioner argues necessitate an increase in support and maintenance are the $3 per week payments to Jerry's psychologist, and glasses for her son, corrective shoes for her daughter, and the expenses incurred as a result of her attending night school. Respondent testified that the expenses for glasses and corrective shoes existed at the time of the divorce, although the daughter now needs more frequent changes in her shoes.

838

■ Petitioner has not carried her burden of proof as defined by § 452.370. The expenses which she has enumerated do not show "changed circumstances so substantial and continuing as to make the [original support and maintenance] terms unreasonable." This conclusion is further supported by the fact that petitioner's income has increased, while respondent's has decreased. Thus, the ruling of the trial court denying petitioner's motion to increase child support and maintenance payments is affirmed; however, the court's prior order of child support to remain in full force and effect.

■ We remand to the trial court the determination of whether to grant petitioner's motion for suit money and attorney's fees. The trial court ordered that such fees and costs be held in abeyance pending the determination of the appeal. However, the trial court has sole jurisdiction to enter judgment for such awards. *Reeves v. Reeves,* 399 S.W.2d 641 (Mo.App. 1966); *McCormack v. McCormack,* 238 S.W.2d 858 (Mo.App.1951); *Neustaedter v. Neustaedter,* 305 S.W.2d 40 (Mo.App.1957); *Webb v. Webb,* 475 S.W.2d 134 (Mo.App. 1971). As the trial court has not passed on the petitioner's motion for costs and attorney's fees, the issue is not reviewable under our appellate powers nor within the original jurisdiction of this court. *State ex rel. Clarkson v. St. Louis Court of Appeals,* 88 Mo. 135 (1885). We therefore remand this issue for determination by the trial court.

SIMEONE, P. J., and GUNN, J., concur.