**Margaret Mary PAYNE, Petitioner,**

v.

**Warren Russell PAYNE, Jr., Appellant.**

**No. 39511.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 26, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 15, 1978.

Grove G. Sweet, St. Louis, for appellant.

Albert M. Schlueter, Clayton, for petitioner.

CLEMENS, Presiding Judge.

The trial court dissolved the parties' ten-year marriage and the husband has appealed from the portion of the decree awarding his wife monthly maintenance of $120.

By his first point the husband contends the trial court erred in allowing maintenance because she was "receiving more net spendable income from her employment than would be left to [him] from his income . . . ." Assuming—but without deciding this claimed disparity is a viable ground of error—we have scrutinized the parties' complicated past and existing financial affairs as shown by the transcript and their briefs. Pared of minutia, the comparison is this: The wife's monthly net income is roughly equivalent to the husband's after he pays monthly maintenance and child support. An itemization of the amounts would

unduly burden our opinion and would be void of precedential value. We hold that in view of the husband's greater income the trial court did not err in the maintenance allowance.

By his second point the husband claims error in the trial court's "ignoring the provisions of a separation agreement." This refers to a tentative, partial, oral agreement the parties reached before retaining counsel. The alleged agreement was pleaded by the husband's answer and denied by the wife's reply. The husband offered no evidence of the alleged agreement. On cross examination the wife acknowledged that before she retained counsel the husband had proposed a financial settlement and she had made counter proposals; that by agreement the husband had released to her the major share of a joint bank account.

In support of this point the husband cites only the case of *LaFountain v. LaFountain,* 523 S.W.2d 847 (Mo.App.1975), upholding a written contract that was before the trial court when it rendered its decree. The case is obviously distinguishable.

The husband's citation of § 452.325, RSMo 1974, is of no help to him. That statute refers to written separation agreements submitted to the trial court. Here, the trial court did not err because the settlement was neither in writing, agreed to, nor presented to the court.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.