**Jack M. MADDEN, Plaintiff-Appellant,**

v.

**Dorothy M. MADDEN,
Defendant-Respondent.**

**No. 40190.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1979.

Chester A. Love, Love, Lacks, McMahon & Schwarz, Thomas K. Edelmann, Clayton, for plaintiff-appellant.

Francis Ruppert, Clayton, for defendant-respondent.

CRIST, Judge.

Marriage dissolved after thirty-five years. The parties are hereafter referred to as "husband" and "wife".

Husband complains of the division of marital property and maintenance award. We find no error.

Marital property consisted of various real and personal properties valued by the parties at approximately $100,000.00 to $110,000.00. The most valuable asset, the home, was awarded to wife. The court awarded other interests in investment real property to husband. The court awarded to the respective parties those liquid assets and items of personal property which had already been transferred by each party to his or her ownership or possession. Remaining property still held jointly was divided, and wife was awarded the most valuable jointly held asset, some U.S. Savings bonds.

Husband maintains wife was awarded 70 percent of the marital property. Wife says she only received 62 percent thereof.

The couple had no minor children. Evidence was given showing husband's marital

misconduct and the parties' turbulent relationship prior to seeking dissolution.

■ Under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), we cannot, under the law and the evidence and upon consideration of the relevant factors, disagree with the judgment of the trial court as to the division of marital property. *See, In re Marriage of Burris,* 557 S.W.2d 917, 918[3] (Mo.App.1977) (the wife had been awarded perhaps as much as 88 percent of the marital property). The division of the marital property must be just but need not be an equal division. *D.L.L. v. M.O.L.,* 574 S.W.2d 481, 486[6] (Mo.App.1978) (court upheld the award of 67 percent of the property to the wife citing the husband's misconduct and the wife's contributions to the acquisition of the property).

As to the issue raised concerning division of marital property, we hold that the judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. An extended opinion would have no precedential value. The judgment pertaining to the division of marital property is affirmed in accordance with Rule 84.16(b). *See, Dickerson v. Dickerson,* 576 S.W.2d 567 (Mo.App.1979).

■ We are also compelled by the mandate of *Murphy v. Carron, supra,* to affirm the award of $750.00 monthly maintenance. Husband agrees the marital property awarded to wife would not be sufficient to provide for her support. However, he states the evidence shows she is able to support herself through appropriate employment. Section 452.335–1(2), RSMo. Supp.1973. We disagree.

Wife was 54 years of age. She had no special training or education. From 1963 until January, 1972, she performed various part-time work either as a bank teller or bookkeeper, never working more than a few days per month. At the time of trial, she was a teller at the Home Federal Savings and Loan Association, averaging 21½ to 25½ hours per week at $2.81 per hour. She had been a licensed real estate saleswoman since 1969 but had never received any income thereby. During their thirty-five year marriage, the parties had developed a rather high standard of living. Husband's estimated gross income during the years, 1975, 1976, and 1977 averages approximately $35,500.00 per year.

Husband correctly states that wife has a duty to seek employment. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 858[6] (Mo. App. banc 1977). He implies she could maintain herself by working on a full-time basis in fields open to her. However, even if wife were working 40 hours per week, at her present salary of $2.81 per hour, she would have a gross income of $112.40 per week. Husband's gross income, based upon 1975 to 1977 earnings, would be slightly less than $700.00 per week.

Something more than wife's earnings from her employment and minimal investments is needed to provide for her reasonable needs. Maintenance was properly awarded. *Sawtell v. Sawtell,* 569 S.W.2d 286, 288[7] (Mo.App.1978).

Husband also complains of the amount of the maintenance awarded. He will have to pay wife approximately $175.00 per week out of his $680.00 weekly gross income. She will thus gross approximately $287.00 per week as compared to husband's estimated gross weekly income of $500.00. We do not find the amount of the maintenance award excessive under the facts. *See, Payne v. Payne,* 573 S.W.2d 699 (Mo.App. 1978) (no error in maintenance award in view of husband's greater income although, after payment of court-ordered maintenance and child support, the parties' incomes would be approximately the same).

Considering all the relevant factors set forth in § 452.335–2, RSMo.Supp.1973, we believe the maintenance award was based upon substantial evidence.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.