In re the MARRIAGE of Linda Kay MEECEY and Ronald Lee Meecey.

Linda Kay Meecey, Respondent,

and

Ronald Lee Meecey, Appellant.

No. 41730.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Thomas Briegel, Union, for appellant.

Darrill S. Beebe, St. Charles, for respondent.

CRIST, Judge.

Husband appeals the trial court's division of property in a dissolution proceeding. Wife petitioned for dissolution and was awarded primary custody of their minor child; $35.00 per week as and for child support; specific items of personal property; and, the family home. Husband takes specific umbrage of the way the trial court fashioned its decree in disposing of the home.

■ There was no marked discrepancy in testimony, both parties indicating that the home's appraised worth was somewhere in the neighborhood of $38,000.00 to $40,-000.00, with a net value of approximately $30,000.00. The trial court ordered wife to pay husband $7,500.00 for his equity in the home. Husband presumes said amount erroneously depicted his representative share as it was contrary to the "stipulation" of the parties.

Basically, the tenor of husband's argument is that the parties' testimony attached an equity value of $30,000.00 to the home and each party was of a mind (and the testimony would so indicate) that the home or, more accurately, its equity value, should be equally divided. Although husband likens the compatible testimony to a stipulation, there was, in fact, no stipulation, either written or dictated into the record. See In Re Marriage of Ebinger, 573 S.W.2d 738, 739–40 (Mo.App.1978). Thus, the dissolution must be considered "contested" and was submitted to the trial court for determination on all issues. A quick perusal of the parties' testimony (and the ultimate judgment of the trial court) should facilitate an understanding of the problems which faced that court.

Wife's testimony evinced a desire to retain the family home because of the bene-

fits such a home would afford the parties' minor child (if she were granted custody), and because the home was situated on land appurtenant to her father's farm. Wife testified that she was employed, and that her take home pay was some $152.00 per week. Mortgage payments on the home approximated $201.00 per month. Wife further testified that although her weekly income had not enabled her to accumulate any savings, she had approached United Bank for an additional $15,000.00 loan with which she intended to abrogate husband's equity claim.

Husband testified that his take home pay was $206.03 per week; that he had virtually no savings; and, that he thought $15,000.00 represented an accurate estimate of his equity in the home. Although husband entertained doubts that his wife would be able to meet the original mortgage payments of $201.00 per month if she were obliged to assume additional payments totalling $200.00 per month to repay the $15,000.00 loan (the hypothesized amount reckoning a $15,000.00 loan at 10% interest over a period of fifteen years), he suggested that she could get a longer term loan, or have her father finance it. The trial court ultimately resolved to dispose of husband's equity interest by awarding him $7,500.00. In so doing, the trial court specifically noted, "this is not an even distribution, but rather reflects that two-thirds of the family will be residing on said premises."

The trial court was confronted with the situation where there was no disputed testimony concerning the value of the home or the parties' respective interest therein, but there remained considerable uncertainty as to whether wife could support herself and the parties' minor child on $187.00 per week (her weekly earnings of $152.00 combined with the child support award of $35.00 per week) and continue to make house payments which would total in excess of $400.00 per month.

The parties submitted the entire matter to the trial court for its determination and, when it fashioned its decree, it considered all relevant factors including, but not limited to, the economic circumstances of each spouse and the desirability of awarding the family home to that spouse who has custody of the child. Section 452.330.1(3), RSMo. 1978. Although the distribution was not equal, there was no abuse of discretion. *Madden v. Madden*, 585 S.W.2d 220, 221 (Mo.App.1979).

Husband next contends that the trial court's decree was not final because it failed to attach a dollar value to the marital property it purported to distribute. However, there was no disagreement as to the net value of the house (the only asset in controversy on appeal). Husband did not request the trial court to make such value a part of its findings. Absent a request by husband for the trial court to make the dollar values of the distributed marital property a part of its findings, husband cannot now complain. *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 569 (Mo.App. 1979); and, *Smith v. Smith*, 552 S.W.2d 321, 322 (Mo.App.1977).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.