Wayne Paul WANSING, Respondent,

v.

Mary Jane WANSING, Appellant.

No. WD 31320.

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Victor Tell Neff, Bushmann, Neff & Gallaher, Jefferson City, for appellant.

Michael P. Riley, Carson, Monaco, Coil, Riley & McMillin, P. C., Jefferson City, for respondent.

Before MANFORD, P. J., WASSER-STROM, C. J., and NUGENT, J.

WASSERSTROM, Chief Judge.

The trial court entered a decree dissolving the marriage between these parties. The wife agrees that the dissolution was proper, but she appeals with respect to the provisions of: (a) child custody; (b) property division; and (c) maintenance.

■ With respect to the matter of custody, the court awarded custody to the husband of the two daughters of the marriage, ages 6 and 7 at the time of trial. A review of the evidence discloses substantial evidence in support of the result reached and does not warrant any firm belief that this portion of the judgment is against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). An extended discussion of the evidence on this point would have no precedential value, and the wife's first point on appeal is therefore overruled pursuant to Rule 84.16(b).

■ Concerning the matter of property division, the court decree provides that: "each party is to have as his or her sole and separate property that personal property presently in their possession; each party is ordered to execute any and all automobile titles to effect the transfer of the property in accordance with this judgment.... " The wife attacks this disposition on two grounds, of which the first is that the decree does not describe, classify as marital or non-marital, or value any of the property. That objection must be sustained. Section 452.330.1, RSMo 1978. *Fields v. Fields,* 584 S.W.2d 163 (Mo.App.1979); *Hopkins v. Hopkins,* 597 S.W.2d 702 (Mo.App.1980); *Wilhoit v. Wilhoit,* 599 S.W.2d 74 (Mo.App. 1980).

We do not reach and express no view with respect to the wife's second subpoint, which attacks the justness of the division made. That whole subject will be open for consideration anew by the trial court on remand.

The wife's final point on appeal raises an issue as to a discrepancy between the judge's minute entries on the Docket Sheet as compared with the subsequently prepared formal judgment. The docket entries dated March 29, 1979, showed that a decree of divorce was granted, but that the matters of child custody, maintenance and attorneys fee were taken under advisement. The docket entry of August 8 shows that the court again took up the matter and ordered "that the Petitioner pay to the Respondent the sum of $150.00 per month as maintenance." The formal Judgment Entry, bearing date of March 29, 1979, provides: "the petitioner is to pay to the respondent the sum of $150 per month commencing on August 15, 1979, for a period of 12 months in order to assist the respondent in securing appropriate training and employment."

It is unnecessary to discuss, choose between or attempt to reconcile the Docket Sheet with the formal decree. The question of maintenance is interrelated with the matter of property division, and both those questions will be open for fresh consideration by the trial court on remand.[1]

Reversed and remanded for further consideration of and corrected findings concerning property division and the allowance of maintenance. Costs will be assessed against the husband.

All concur.

---

1. In *Wineland v. Wineland,* 609 S.W.2d 464 (1980), some of the marital property was left undistributed by the decree of dissolution, and therefore the appeal has to be dismissed for lack of appellate jurisdiction. *See also, State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980). The instant case is distinguishable in that here there is no claim that any assets remain undistributed, and the deficiency in the findings is correctable by reversal and remand for limited purposes.