**In re the Marriage of Phyllis Field SALISBURY, Petitioner-Appellant,**

v.

**Henry H. SALISBURY, Respondent-Respondent.**

**No. WD 31119.**

Missouri Court of Appeals, Western District.

March 30, 1981.

Donald W. Giffin, Curtis E. Woods, Kansas City, Spencer, Fane, Britt & Browne, Kansas City, of counsel, for petitioner-appellant.

Robert M. Sommers, Neal E. Millert, James, Odegard, Millert & Houdek, Kansas City, for respondent-respondent.

Before DIXON, P. J., WASSERSTROM, C. J., and NUGENT, J.

DIXON, Presiding Judge.

The complex and protracted dissolution proceeding which generates this appeal unfortunately cannot be resolved. The decree of the trial court is so deficient that the issues raised by the parties are incapable of resolution without this court substituting itself for the trier of fact and making findings and judgment that were never made by the trial court.

The trial of this case consumed about eight days. The hearing was not continuous but was held at intervals over a span of more than four months. This generated five volumes of transcript and voluminous pleadings and exhibits. The parties at the time of trial each held very substantial assets in their own names.

A major issue in the case is the nature of each party's holdings as separate or marital property. Without a detailed perusal of the record, an exact valuation of the property involved is not possible; but it will easily exceed one million dollars. The principal assets are stocks, farmland, and a residence. A very live dispute between the parties is the effect of certain conveyances and transfers from the wife to the husband. This dispute is sharpest with respect to a section of Kansas farmland.

Upon the conclusion of the evidence, the respondent did specifically request findings of fact and conclusions of law pursuant to Rule 73.01. The petitioner submitted extensive briefs and suggested findings of fact to the trial court.

Some months after submission, the trial court entered a decree dissolving the marriage and finding that two children were born of the marriage. One of these children was emancipated and the other was placed in the custody of the mother and an allowance for support ordered. These portions of the decree are not questioned and are final. *Wansing v. Wansing*, 612 S.W.2d 55 (Mo.App.1981); *Fields v. Fields*, 584 S.W.2d 163 (Mo.App.1979).

Despite the requests of the parties, the decree as it related to the property made absolutely no findings as to the marital or nonmarital nature of any of the property

disposed of by the decree. Nor does the decree, within its four corners, assign a value to any item of property mentioned, real or personal. Without reciting all of the provisions of the decree item by item, a description of some of the major provisions will provide a basis for demonstrating the inability of this court to resolve the issues.

The decree awarded the husband the section of land which was transferred from joint ownership to the husband's sole name during the marriage. The stock holdings were distributed between the husband and wife by specific recitations of the number of shares of stock in a given company to be distributed to each of the parties. The proportions of the respective interests in the stock were such that the distribution required in some instances that stock held in the name of one of the parties be transferred to the other party. A residence was awarded to the wife dependent upon her payment to the husband of 30 percent of its appraised value, in default of which it was to be sold and the proceeds divided in nearly the same proportion.

The wife as appellant challenges the portion of the decree giving the husband the section of Kansas farmland, claiming it was marital property, despite her conveyance to him. The decree does not inform as to whether the wife's contention was refused or whether the property was assigned to the husband as his part of the marital property. The transmittal letter from the trial judge forwarding the decree would indicate the wife's contention was refused.

The wife also asserts the stocks were improperly divided and points to the fact that the husband had little or no property at the time of the marriage while she owned substantial property. The same contention is made with respect to the residence. These contentions cannot be resolved without the benefit of the trial court's findings as to the nature of the property and its value.

Confronted with this decree, the wife filed a motion after its entry specifically directing the trial court's attention to the deficiencies in the decree as to the marital and nonmarital character of the assets as well as the failure to assign values. This was overruled by the trial court with the exception of the correction of a numerical error in the number of shares of stock in one company.

On this appeal, the wife raises the issue of the failure of the trial court decree to assign values and find the marital or nonmarital nature of the assets. Cited in support is *Fields, supra,* which undoubtedly supports the point. Moreover, *Wansing, supra,* likewise holds that decrees deficient in these respects cannot be reviewed upon the merits but must be reversed and remanded for the correction of the defects in the decree.

The cause is reversed and remanded to the trial court with directions to correct the decree by assigning values to the assets in question and specifically determining the nature of each asset as marital or separate property.

All concur.