Rae FASTNACHT, Respondent,

v.

Dennis FASTNACHT, Appellant.

No. WD 31527.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Theodore M. Kranitz, St. Joseph, Jay Macey Rosenblum, Kansas City, for appellant.

Lee M. Nation, Michael E. Curley, Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

In this dissolution of marriage action, disputed issues included child custody and the division of marital property. The husband appeals from the judgment entered contending (a) the award of custody of one child to the wife was erroneous because contrary to the weight of the evidence on the issue of the wife's conduct and moral fitness and (b) the decree was incomplete and, hence, interlocutory because values were not assigned to certain marital assets.

The parties were married in 1970, separated in 1979 and filed a petition and cross petition in which each sought dissolution of the marriage. One child was born of the marriage and another had been born to the wife in a former marriage, but was adopted by the husband. The contested issue of custody focused on the husband's allegations of the wife's immorality and her asserted unfitness as a child's custodian. The property issues were those usually found in the competing claims of estranged spouses for the marital assets. The court's decree awarded custody of the younger child, a daughter, to the wife; custody of the other child, a son, to the husband; and set apart the marital assets.

The husband's first point contends that undisputed evidence branded the wife as both immoral and unrepentant in libertine conduct with other men. He suggests that this evidence precludes the award of custody which the court made. The evidence on the subject concerned a relationship between the wife and another man, one Neil, openly conducted during the pendency of this action, and a previous extramarital affair by the wife before the separation. By contrast, the husband observes that no evidence impugned his morals or character, the wife acknowledged him to be a good father and, thus, on all the evidence, he contends an award to him of custody of both children was mandated.

On the evidence adduced, the unfitness of the wife as a prospective custodian for one or both of her children is not marked with the clarity or persuasiveness which the husband's argument presumes. While the wife did acknowledge intimacies with Neil, she firmly contested any "cohabitation," as did he, and professed it as her intention to marry Neil when legally capable. The record does not support the claim that the wife was sexually promiscuous. More importantly, however, no evidence demonstrated that the wife's conduct in her relationship with Neil had an adverse effect on the children or that she was otherwise unwilling or unable to care adequately for a minor child.

Extramarital sexual conduct is not alone sufficient to brand a parent an unfit custodian for a child if not accompanied by evidence that the conduct has had or may be expected to have an adverse effect on the child. *Eastes v. Eastes*, 590 S.W.2d 405, 408 (Mo.App. 1979); *In re Marriage of B___ A___ S___*, 541 S.W.2d 762, 768 (Mo.App. 1976); *McClarnon v. McClarnon*, 528 S.W.2d 795, 796 (Mo.App. 1975). The issue is not condemnation or approval of a moral standard but whether the conduct in question is a detriment to the child's welfare. *Klaus v. Klaus*, 509 S.W.2d 479, 481 (Mo.App. 1974). There is a presumption in any award of custody that the trial court studied the evidence thoroughly and ordered that which was in the best interests of the child. *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304 (Mo.App. 1976).

On appeal, the trial court's findings on matters of custody control unless the reviewing court is convinced that the welfare of the child requires some other disposition. *Johnson v. Johnson*, 526 S.W.2d 33 (Mo.App. 1975). Moreover, the determination of the lower court as to custody of children is granted greater deference than in other cases. *Matter of B.J.K.*, 573 S.W.2d 382 (Mo.App. 1978).

The evidence in this case concerning the wife's conduct was disputed and lacked any firm basis on which it could be concluded that demonstrable potential for adverse effects to a child in her custody existed. No absolute rule determines which of contending parents in a dissolution case is entitled to custody of the children, but

each case must be decided on its own facts. *J____ A____ F____ v. P____ J____ F____,* 552 S.W.2d 739 (Mo.App. 1977). Under this and the other authorities cited, revision of the custody award here could only be justified on a firm conviction that the judgment was wrong and that the evidence demonstrated no arguable placement choice. The evidence here is not of that quality, particularly when the trial court's decision is fortified by its unique opportunity to observe firsthand the demeanor of the parties and to hear from the children themselves. Heeding also the admonition of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), the awards of custody in this case must be affirmed.

On the issue of property division, the husband asserts that the decree is faulty and lacks finality because it does not "identify the property by both description and value." In argument, no complaint is made that the alleged insufficiency of the decree raises the prospect that any assets were overlooked or that any property remains undivided. The sole objection rests on the absence from the decree of value assignments which the husband argues are obligatory under *Hopkins v. Hopkins,* 597 S.W.2d 702 (Mo.App. 1980), and subsequent cases.[1] While the husband also makes no complaint that the property division was unjust and infers no latent complaint to this effect, he does observe in the abstract that an inequitable division of property could not be demonstrated absent values from which to launch that contention.

The property interests of the parties in this case were numerous and significant. In addition to a plethora of household goods and personal effects which the court set apart by minute description item by item to each of the parties, the bulk of monetary values was represented by the assets of Den-Rae Properties, a partnership, and Denison Properties, a corporation. These entities evidenced the parties' principal activity in construction, sale and rental of real estate. The partnership owned and rented properties while the corporation was the vehicle used to acquire lots and to build and hold for sale new homes. The effect of the decree was to award the wife the assets of Den-Rae Properties and to award the husband Denison Properties, the corporation.

The record indicates no dispute as to the identity of the rental properties owned by the partnership and the lots and completed structures owned by the corporation, all of which were described by the wife in her evidence and exhibits. As the bookkeeper for the family ventures, she was knowledgeable on the subject. To accomplish the property division, the court in its decree set out by legal description each of the rental tracts owned by the partnership and directed that such properties, together with all other assets of the partnership, be assigned to the wife. To the husband, the decree awarded all corporate stock in Denison Properties without further description of the corporate assets. No values were indicated either for the individual partnership properties or for the corporate stock or its assets and, from the decree alone, no computation can be made to indicate how the division was weighted as to worth.

In positing error here solely on the ground that the decree does not recite property values, the husband fails to note significant distinctions between this case and *Hopkins v. Hopkins, supra* and later cases which have ordered remand because the decree did not describe the marital property and assign values. Deficiencies in property description and omissions of valuations in dissolution decrees are of consequence in the cited cases, not merely for want of adherence to a requirement for formal decretal recitals, but because the incomplete decree in each case precluded appellate review of substantive issues raised concerning the trial court's orders dividing property under § 452.330, RSMo 1978. Thus, a decree which lacks property enumeration cannot be reviewed on a claim that assets were

---

**1.** Among recent decisions on this issue, see *Wansing v. Wansing,* 612 S.W.2d 55 (1981) by

Missouri Court of Appeals, Western District.

omitted or not divided at all, and a decree which sets no values does not permit inquiry on a charge of unfair apportionment or under or over evaluation.

This case presents no such issues. Indeed, the evidence as to the nature and valuation of marital assets was virtually undisputed. Substantially all of that evidence came from the wife, and such evidence as the husband did present on the subject was essentially in agreement. While the husband was to some degree precluded from testifying and presenting exhibits on property values because of noncompliance with discovery, he makes no complaint here on that account and does not suggest that if received, his evidence would have justified any significant change in values or in the property division.

The husband made no request of the trial court that the values of the properties be set out in the decree. In the limited situation where assets values are undisputed as shown by the evidence and there is no express request by the parties for findings, it is assumed that the valuation which the evidence disclosed was taken into account by the trial court in its award. The husband is not now in a position to complain solely because the decree does not assign dollar values to the distributed marital property. *In re the Marriage of Meecey*, 603 S.W.2d 62 (Mo.App. 1980).

In a collateral point addressed only in the argument portion of the husband's brief, he also contests the trial court's award of $15,000 gross maintenance to the wife contending that no showing was made of the wife's financial need under § 452.335, RSMo 1978 and that consideration was not given to the wife's misconduct. Although the point is not preserved because not raised in accordance with Rule 84.04, the award was actually a disposition of property contrived by the trial court to meet a title obstacle and thus requires mention.

Real estate located at 1526 College Terrace was purchased with marital funds and rents from the property were deposited to the Den-Rae Properties partnership account. Title, however, was taken in the name of the husband's brother who made no contribution to the acquisition of this particular asset. The title placement was at the husband's instigation, apparently after the onset of marital strife. In the decree, the husband was given the alternative of satisfying the maintenance award by a cash payment of $15,000 or by paying the wife $2000 and causing transfer to her of ownership in the College Terrace property. These figures corresponded with the valuation of the property which was encumbered with a $3000 mortgage debt.

The trial judge was quite apparently attempting to accomplish a complete distribution to the wife of the partnership assets, but he erred in doing so under the mistaken label of a maintenance award. The adjustment could equally well have been made alternatively by a cash allowance as a property division or by the compulsory addition of the brother as a party to the action. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App. 1979). The judgment should not characterize the allowance as maintenance with attributes and potential consequences not appropriate to a marital property distribution.

The judgment is modified by striking from paragraph 14 thereof the words "lump sum maintenance" and, as so modified, the judgment is affirmed.

All concur.