**Sharon W. SHEPHERD, Petitioner-Respondent,**

v.

**Raymond L. SHEPHERD, Respondent-Appellant.**

**No. WD 31045.**

Missouri Court of Appeals, Western District.

June 23, 1981.

Lee M. Nation, Michael E. Curley, Nation & Curley, Kansas City, for respondent-appellant.

Don Witt, Witt & Boggs, Platte City, for petitioner-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

This case is submitted upon motion for rehearing after an opinion originally issued reversing and remanding. The motion for rehearing was sustained on the sole ground that a claim was made by counsel associated in the case that he had not received notice of the docket setting. It appeared on the oral argument that the reason for his failure to receive notice of the setting of the case for oral argument was his failure to comply with local rule IX requiring that the Clerk's Office be notified when the responsible attorney in the case has been changed. Nothing appears from the oral argument presented on the resetting of the case for argument to affect the opinion originally issued. The original opinion is re-issued and is as follows:

The husband appeals from the division of property and the allowances to the wife in a dissolution action. The dissolution is not appealed, nor is the custody and support order respecting the children.

A review of the factual background has been extremely difficult. Much of the evidence as to the property and the income and expenses of the parties was presented in exhibits which have not been filed in this court. The transcript of some 350 pages is replete with testimony so inextricably linked to the exhibits that much of it is meaningless without the exhibits. Nor have the briefs of the parties been of assistance, being contradictory and inaccurate.

The parties owned a home and 30 acres in Platte County, six or seven motor vehicles, three tractors and miscellaneous farm equipment, stocks, interest in a thrift plan, bank accounts, and savings accounts. There was life insurance on the husband and a pension plan with his employer, TWA. The wife, by the decree, received 152 items of personal property and the husband 135.

There were five children; the oldest was, for all practical purposes, emancipated, and the father was designated his custodial parent. The other four children were placed in the custody of the mother.

The trial court entered a decree which gave the wife $470 child support every other week, ordered the payment of the balance due on temporary maintenance awards, gave the wife a lien in the amount of $32,000 on the home payable in ninety days, gave the wife a check for $2,733 representing proceeds of a tobacco crop, awarded the wife $10,000 maintenance in gross, payable $150 per month, gave the wife a Ford pickup truck, ordered payment of $2,000 to the wife's attorneys, and distributed to each party the listed personal property.

The husband was awarded sums "taken from the savings accounts," the "thrift plan," and a $3,000 money order, and the 1976 and 1977 income tax refunds, "if any." The husband was also awarded certain stocks described by name, "as well as bonds mentioned in the evidence," "any retirement funds from TWA," the "tobacco crop acreage allotment," all interest in life insurance policies on his life, and five described motor vehicles and some farm equipment. The husband was to pay all indebtedness.

Aside from the checks for $2,733 and the money order for $3,000, the decree ascribes

no values to any of the property divided. Nor does the decree determine that the property set off to each party is marital or nonmarital property. The evidence discloses the wife had some considerable amount of separate property which is not mentioned in the decree.

The husband, as appellant, does not question the award of custody nor the order of support, and those are final.

The balance of the points raised by the husband as to the lien on the home, the division of the property, the maintenance award, and the attorney fee allowance, cannot be meaningfully reviewed, since the decree makes no findings as to the value and character, as marital or nonmarital, of the property. The state of the record and decree require reversal and remand upon the authority of *Wansing v. Wansing*, 612 S.W.2d 55 (Mo.App.1981).

Reversed and remanded for further consideration of and corrected findings concerning property division and the allowance of maintenance. Costs will be assessed against the husband.

All concur.