**Marlene J. CAVALLARO,
Petitioner-Respondent,**

v.

**Samuel S. CAVALLARO,
Respondent-Appellant.**

**No. WD 32024.**

Missouri Court of Appeals,
Western District.

Aug. 4, 1981.

Glenn E. Bradford, C. Michael Mattix, Happy, House, Cooling, Bradford & Irmen, Kansas City, for respondent-appellant.

Harold E. Johnson, Kansas City, for petitioner-respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

An appeal was taken by the husband from a decree entered in a dissolution of marriage proceeding.

One point is posited by the husband on appeal: "The trial court erred in its entry of final judgment because the trial court failed to ascribe value to the marital property adjudged to each spouse." This point is raised notwithstanding a record containing evidence, which it is assumed the trial court took into account, enabling it to determine the value of the marital property. Moreover, the husband makes no charge that the division of the marital property

was unjust or that rights of the respective spouses in certain property were not adjudicated.

The husband cites *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980), and *Hopkins v. Hopkins*, 597 S.W.2d 702 (Mo.App.1980), in support of his position that by virtue of Section 452.330, RSMo 1978, a decree of dissolution which fails to assign value to the marital property which is divided does not attain the status of a final judgment. Although not cited by the husband, *Salisbury v. Salisbury*, 614 S.W.2d 558 (Mo.App.1981); *Wansing v. Wansing*, 612 S.W.2d 55 (Mo. App.1981), and *Fields v. Fields*, 584 S.W.2d 163 (Mo.App.1979), fall into the same general decisional pattern. The contextual setting of each of the decisions heretofore mentioned should not be ignored in a blind rush to rely upon them as authority for sustaining the husband's single point on appeal. In each of said cases insofar, as here relevant, the respective appellants were either questioning the failure of the trial court to distinguish between marital and nonmarital property in conjunction with a failure to assign values thereto, *Salisbury v. Salisbury*, 614 S.W.2d at 559, and *Fields v. Fields*, 584 S.W.2d at 166, attacking the division of marital property on the grounds that it was unjust, *Wansing v. Wansing*, 612 S.W.2d at 56, and *Hopkins v. Hopkins*, 597 S.W.2d at 709, or asserting a failure on the part of the trial court to adjudicate the rights of the respective spouses in certain property, *Wilhoit v. Wilhoit*, 599 S.W.2d at 76. In the case at bar the lone point raised by the husband neither seeks review of the division of marital property on the grounds that it was unjust nor claims the trial court failed to adjudicate the rights of the respective spouses in certain property. Reduced to basics, the husband's single point is nothing more than an abstract complaint as to the manner in which the trial court fashioned its decree and raises no substantive issue for appellate determination. Reliance upon the various cases heretofore cited as authoritatively commanding a different conclusion would require this court to wrench said cases from their contextual moorings. Concomitantly,

a line of cases exists holding that absent a request for specific findings of fact and conclusions of law, a trial court is not required to fix a dollar value to marital property when decreeing its division. *Reynolds v. Reynolds*, 610 S.W.2d 311, 313 (Mo.App. 1980); *In Re Marriage of Meecey*, 603 S.W.2d 62, 63 (Mo.App.1980); and *Waitsman v. Waitsman*, 599 S.W.2d 42, 43 (Mo. App.1980). Rule 73.01(a)(2) requires that a request for specific findings be made prior to final submission of the case. The record in this case fails to disclose a request, timely or otherwise for findings of fact.

The single issue in this case parallels one raised and ruled adversely to the appellant in *Fastnacht v. Fastnacht*, 616 S.W.2d 98 (Mo.App.1981). When brought into proper focus, *Fastnacht*, standing alone, constitutes sound and timely authority for rejecting the single point asserted by the husband on appeal in this case.

Judgment affirmed.

All concur.