## In re the MARRIAGE OF Francis Louise and Glenn KAISER.

### Francis Louise KAISER, Petitioner-Respondent,

v.

### Glenn KAISER, Respondent-Appellant.

### No. 10837.

Missouri Court of Appeals, Springfield District.

June 30, 1978.

---

James R. Reynolds, Ford, Ford, Crow & Reynolds, Kennett, for respondent-appellant.

Charles Sampson Williams, Jr., Cable, Seabaugh & Williams, Kennett, for petitioner-respondent.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

This is a dissolution of marriage proceeding. Respondent Glenn Kaiser appeals from a finding that there was no marital property, as that term is defined by § 452.-330(2), RSMo Supp.1975.

The parties were married December 23, 1955. During their marriage they acquired a tract of real property in the City of Kennett. The tract is specifically described but is generally referred to as the "homeplace." In December 1974, the parties filed a joint petition for the dissolution of their marriage in the Circuit Court of Dunklin County. Contemporaneously, they filed a property settlement agreement which in terms provided that the respondent would, and by apt words of conveyance did, transfer his interest in the homeplace to the petitioner, Francis Louise Kaiser. The homeplace was then subject to a debt and encumbrance in the amount of $3,243.55. The petitioner assumed the debt.

The parties lived separately and apart for approximately one year. They were then remarried. This second dissolution proceeding was begun on August 4, 1977. Petitioner alleged the second marriage was irretrievably broken and that there was no marital property. The respondent admitted irretrievable breakdown but alleged there was marital property and prayed equitable apportionment of that property.

The trial court heard evidence, but extensive recountal of that evidence is unnecessary. The only real issue developed on trial was whether or not the homeplace was marital property. The respondent offered no

evidence that the property settlement made at the time of the first dissolution was procured by fraud, collusion or compulsion, or that it was unconscionable. The record permits no conclusion other than that the property settlement agreement had been fully executed at the time this action was tried. The respondent testified positively that he owned no real property at the time of the second marriage. During the trial, however, the court excluded three offers of proof made by the respondent. These were: (1) an offer to prove that the respondent had agreed to convey the homeplace only because he wanted to avoid a contest and because he wanted his child (a son) to have a place to live; (2) an offer of proof that " . . . it was [Francis Louise's] idea that they get back together and marry"; and (3) an offer to prove that upon remarriage, the parties " . . . agreed that [Glenn] would not have to contribute to the monthly house payment." The focal issue, as indicated, is whether the homeplace is marital property, but the assignments of error on appeal are directed solely to the trial court's exclusion of the respondent's offers of proof.

In support of his assignments of error, the respondent cites and relies heavily upon those cases which hold or indicate that the conduct of a husband and wife with respect to property may evidence a clear intention that separate property be transmuted into property of the marital community. *Davis v. Davis*, 544 S.W.2d 259, 264[1] (Mo.App. 1976); *Stark v. Stark*, 539 S.W.2d 779, 782 (Mo.App.1976); *Conrad v. Bowers*, 533 S.W.2d 614, 621, n. 10 (Mo.App.1975), and see, generally, 2 American Law of Property § 7.27 (A. J. Casner ed. 1952). The question then, is whether the trial court excluded any evidence tending to establish a clear intention on the part of both parties that the homeplace be converted to marital property.

■ The respondent's contention that he should have been allowed to go behind the property settlement agreement and contradict his solemn recital that it was voluntarily executed and intended as a full and complete adjustment of all property rights ignores the parol evidence rule. Cf. *Hampton v. Hampton*, 536 S.W.2d 324, 326[5, 6] (Mo.App.1976). Further, his argument that he should have been allowed to prove, as he puts it in his brief, that "it was [petitioner's] idea they remarry and again occupy the said homeplace as husband and wife" assumes that remarriage after absolute divorce is in some manner comparable to reconciliation after separation and that remarriage after divorce somehow restores the marital community. That assumption is wholly unsound. *Travis v. Travis*, 227 Ga. 406, 181 S.E.2d 61, 63[2], 52 A.L.R.3d 1329, 1332[2] (1971); *In re Mallory's Estate*, 300 Pa. 217, 150 A. 606, 607[2] (1930); *McDaniel v. Thompson*, 195 S.W.2d 202, 203–204[3, 4] (Tex.Civ.App.1946); 41 C.J.S. Husband and Wife § 263, p. 745 (1944). The first two offers of proof had no tendency whatever to establish a clear intention to transmute the homeplace into marital property upon remarriage.

■ The third offer of proof was also properly refused. It was clearly held in *Cain v. Cain*, 536 S.W.2d 866, 871 (Mo.App. 1976), that the use of community funds to reduce or discharge an encumbrance on real property does not establish its status as separate or marital property. The parties' agreement that the respondent would not be obliged to "contribute to the monthly house payment" was therefore wholly irrelevant to the issue of transmutation. Accordingly, the decree is in all respects affirmed.

All of the Judges concur.