**Alan WAITSMAN, Petitioner-Appellant,**

v.

**Kathleen WAITSMAN, Respondent.**

No. 40782.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1980.

Herbert D. Schaeffer, Clayton, for petitioner-appellant.

Gordon F. Webb, Paul R. Sterrett, Clayton, for respondent.

CRIST, Judge.

Marriage dissolved after nine years, both having been previously married and each with a child living from a previous marriage. Husband appeals. We affirm.

 Husband complains of the division of marital property. He was incensed about wife receiving their residence with an equity of $30,000.00. However, husband was awarded all of the stock of a corporation, which, under the evidence, could reasonably have had a value of $30,000.00. The home and the stock were the only two major assets of marital property. Although the trial court failed to mention a debt of husband in the sum of $16,300.00, a debt is not property. *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 151 (Mo.App.1979). We cannot say the trial court failed to consider this debt in dividing the marital property. Our reading of the transcript convinces us that the trial court followed the guidelines of § 452.330, RSMo.1978. *Madden v. Madden*, 585 S.W.2d 220, 221 (Mo.App.1979).

 Husband also charges the trial court with error in failing to set out an evaluation and allocation of each of the items of

personal property as per *Fields v. Fields*, 584 S.W.2d 163, 166 (Mo.App.1979). Husband did not ask the trial court for such specification. Absent such request, he cannot now complain of error. *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 568 (Mo.App. 1979). Rule 73.01. The evidence shows the trial court considered values of property distributed by its order. It does not have to set out a dollar amount for each item of property § 452.305, RSMo.1978.

■ The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accord with Rule 84.16(b).

DOWD, P. J., and REINHARD, J., concur.