**Charles Randolph REYNOLDS, Appellant,**

v.

**Rita Rose REYNOLDS, Respondent.**

**No. 42091.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

Hale W. Brown, St. Louis, for appellant.

Ellen Watkins, St. Louis, for respondent.

REINHARD, Judge.

Husband appeals from those portions of the court's dissolution decree pertaining to disposition of the marital property.

In husband's petition, he alleged that the parties were married in 1958 and that there were four living children born of the marriage. He requested that the court dissolve the marriage and award him custody of the children. In her answer, wife cross-claimed, alleging that the parties were possessed of certain marital property. In her prayer for relief, she requested that the marriage be dissolved, that the custody of the unemancipated children be awarded to

her, and that the court make a distribution of the marital property. Husband in his reply denied the existence of marital property.

After hearing the evidence, the court dissolved the marriage, and awarded custody of one of the unemancipated children to the husband and custody of the other to the wife. The court ordered the husband to pay wife $50 per week as maintenance, and $50 per week as child support for the child over which she had received general custody. In addition, the court found that the husband's pension fund was marital property, that its value was $9,500, and that the wife should be paid $4,750 for her share. The court also divided other marital property (vehicles and various items of personal property) between the parties.

■ In husband's first point on appeal, he alleges that the court erred when it allocated one-half of the pension fund to the wife, because she contributed nothing to it and had not lived with the husband for a period prior to the filing of the petition for dissolution. Husband, however, does not argue that the pension fund is not marital property; the evidence indicates that the fund is marital property because it was acquired during the marriage and does not fall within any of the exceptions in § 452.-330.2, RSMo 1978.

■ Section 452.330.1, RSMo 1978, provides in dividing marital property between the spouses the court is to consider factors including "[t]he contribution of each spouse to the acquisition of the marital property, including, the contribution of a spouse as homemaker; [and] . . . [t]he conduct of the parties during the marriage." Without detailing the evidence, we believe that the evidence was sufficient to support the court's order as to the distribution of the pension fund. While the evidence was conflicting as to the conduct of the parties, there was evidence of misconduct on the part of both parties which the court could have weighed in arriving at this distribution.

1. The court in its decree determined that certain property belonged to the various children.

Husband also challenges the portion of the court's order dealing with the distribution of the rest of the marital property. He contends that many of the items distributed between husband and wife by the order were never mentioned in the evidence, and that some of these items never even existed.[1] He further argues that the court erred by failing to set a value on the items of marital property distributed (other than the pension fund).

The record discloses much testimony regarding the nature and value of the major asset in this case, the pension fund. As to the other marital property included in the court's order, however, there is testimony in the record only as to the following items: (a) CB radio base unit and equipment; (b) old rocking chair; (c) Coleman stove with grill; (d) Coleman lantern; (e) canoe and car rack including paddles; (f) set of Great Books and bookcase; (g) antique hutch; (h) china cabinet; (i) stove; (j) refrigerator; (k) two metal cabinets; (*l*) freezer; (m) 1973 International vehicle; and (n) 1966 Plymouth vehicle. The other items which the decree divided between the spouses did not appear in the record. Of the items mentioned in evidence, there was testimony as to the value of most.

■ It appears that prior to the entry of the decree, the court asked each of the parties to submit lists of the marital assets which they wanted and those which they did not want. Wife argues that these lists were submitted and should be considered as a stipulation by the parties that the additional items could be considered by the court. The record, however, is silent as to whether such lists were actually submitted to the court; nor are any copies of these lists included in the transcript. In any event, the record is also silent as to the property of the parties except for the pension fund and those items which we have listed above. This being the case, we believe that the judgment is void as to those items not mentioned in evidence because

Husband has not challenged this portion of the decree, however.

the court must base its judgment or decree upon evidence before it and not upon speculation. *Brotherton v. City of Jackson*, 385 S.W.2d 836, 841 (Mo.App.1965); *Boggess v. Cunningham's Estate*, 207 S.W.2d 814, 820 (Mo.App.1948). Because these items are, however, separable from the items mentioned in evidence, that portion of judgment distributing items the existence of which is shown by the evidence can stand. *Clark v. Clark*, 300 S.W.2d 851 (Mo.App. 1957).

The fact that the court made no determination as to the value of any of the items, aside from the pension fund, will not change this result, since here neither of the parties made a request for specific findings of fact and conclusions of law. Faced with a similar problem in *Waitsman v. Waitsman*, 599 S.W.2d 42 (Mo.App.1980), this court noted that although "[h]usband ... charges that the trial court erred in failing to set out an evaluation and allocation of each of the items of personal property as per *Fields v. Fields*,[2] ... [he] did not ask the trial court for such specification. Absent such request, he cannot now complain of error. *McLaughlin v. McLaughlin*, 585 S.W.2d 567, 568 (Mo.App.1979)." *Id.* at 43. In *Waitsman*, we concluded that the evidence showed "the trial court considered values of property distributed by its order. It does not have to set out a dollar amount for each item of property. Section 452.305, RSMo 1978." *Id.* Here, we believe that there was ample evidence before the court for it to make a division, *Givens v. Givens*, 599 S.W.2d 204 (Mo.App.1980), and that the elimination of those items not in evidence should not disturb the remainder of the order.

The order as to the pension fund, CB radio base unit and equipment, old rocking chair, Coleman stove with grill, Coleman lantern, canoe and car rack including paddles, set of Great Books and bookcase, antique hutch, china cabinet, stove, refrigerator, two metal cabinets, freezer, 1973 International vehicle, and 1966 Plymouth vehicle is affirmed; the other items of property

mentioned in the decree shall be stricken. In all other respects, the decree is affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

**2.** 584 S.W.2d 163 (Mo.App.1979).