Angela D. RICKELMAN, Respondent,

v.

William H. RICKELMAN, Appellant.

No. 43850.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1981.

Louis S. Czech, Clayton, for appellant.

George E. Schaaf, Clayton, for respondent.

REINHARD, Presiding Judge.

This case involves an appeal from a decree of the trial court in a dissolution proceeding wherein the court ordered husband to pay wife the sum of $5,000.00 maintenance in gross.

The evidence revealed that, at the time of the marriage of the parties, wife was 18 years of age and husband was 22 years of age. Approximately four months prior to the marriage and at a time when wife was 17 years of age, husband's grandfather made a gift to husband of $5,000.00 for the purpose of purchasing a home. Husband purchased a house prior to the marriage for $24,000.00 using the $5,000.00 gift as a down-payment and executing a note in the amount of $19,000.00 secured by a deed of trust.

The marriage lasted three years. At the time of the dissolution hearing, husband placed the value of the house at $35,000.00. Husband's exhibits indicated that the encumbrance had been reduced by an amount of $2,000.00, with the purchase money debt being $17,000.00. Husband indicated that the payments on the house were made from the joint account of the parties during the marriage.

The court dissolved the marriage, denied maintenance, and awarded wife a lien on the home in the amount of $6,000.00 as marital property. The $6,000.00 was to bear 5% interest and was to be paid off semi-annually over a 10 year period. Both parties filed petitions to amend the decree, husband contending that there was no evidence to support the $6,000.00 award and wife contending that the 5% interest was not proper. A hearing was held and subsequently the court amended the order specifically eliminating the $6,000.00 award and instead awarding wife $5,000.00 maintenance in gross, to be paid in installments.

On appeal husband contends there was no evidence justifying an award of mainte-nance and wife agrees. Furthermore, wife concedes that the court's award of the home to husband as his separate property is proper. It was purchased by husband alone prior to the marriage and wife's name was never added to the title. *McKenna v. McKenna*, 607 S.W.2d 464 (Mo.App.1980).

Nevertheless, wife contends that there was evidence meriting an award of a marital property interest in the real estate, as per the original award. Her claim is based on the authority of the court to impose a charge upon the separate property of a spouse to the extent that marital funds were expended to enhance or to reduce the indebtedness on the property. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 272 (Mo. App.1979); *Cain v. Cain*, 536 S.W.2d 866, 875 (Mo.App.1976).

We agree the award of maintenance cannot stand. It is not supported by the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The evidence clearly reveals, however, that the equity in the house was increased during the marriage by payment on the debt out of marital funds. Marital funds were also expended on home improvement. Under the authority of Rule 84.14 we hereby modify the court's decree eliminating the award of maintenance in the sum of $5,000.00 and substitute in lieu thereof "Petitioner (wife) is awarded $2,000.00 as her share of the marital property in the equity of said home." Husband is ordered to pay said sum to petitioner within 60 days of the issuance of the mandate by this Court.

The decree of the trial court is modified and in all other respects affirmed.

SNYDER and CRIST, JJ., concur.