Leslie A. HAUSER, Plaintiff-Appellant,

v.

Marie Theresa HAUSER,
Defendant-Respondent.

No. 43221.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 8, 1981.

Susan M. Hais, Clayton, for plaintiff-appellant.

Bernard J. Cuddihee, St. Louis, for defendant-respondent.

SNYDER, Judge.

Appellant, Leslie A. Hauser, challenges the decree of the trial court which dissolved the marriage of appellant and respondent, Marie Theresa Hauser, insofar as the decree determined certain property to be marital property and awarded maintenance, custody of the parties' son, Steven, and attorney fees to respondent. The awards of custody, child support and attorney fees are affirmed. Those portions of the judgment determining and dividing marital property and awarding maintenance are reversed and remanded.

The parties were married on May 25, 1967 and divorced on April 18, 1973. The parties remarried on August 13, 1973 and are now seeking the dissolution of that marriage.

At the time of the first divorce the parties owned two parcels of real property, one at 5435 Mardel in St. Louis, Missouri and a second in Cuba, Crawford County, Missouri. Pursuant to a stipulation in the first di-

vorce, respondent quit claimed her interests in these properties to appellant. The quit claim deeds were properly recorded.

Appellant subsequently quit claimed his interest in the Mardel property to his son by a prior marriage, Leslie George Hauser. Appellant completed this transaction by use of an unrecorded power of attorney Leslie George had given him. Leslie George paid no consideration for the property. Leslie George has never been at the Mardel property since the transfer. The mortgage remained at all times in appellant's and respondent's names. Appellant continued to make all mortgage payments on the property. The Mardel property was the parties' family home throughout the second marriage. Respondent did not learn of the transfer of the property to Leslie George until June of 1979. Respondent challenges the validity of the transfer, but its validity is not a material factor in determining whether the Mardel property was marital property.

Respondent purchased realty located at 2257 Voerster in St. Louis, Missouri during the period between the parties' marriages.

Immediately prior to the second marriage the parties entered into a written agreement whereby the Voerster property would remain respondent's separate property and the Cuba property would remain appellant's separate property. The parties also orally agreed to keep their income and finances separate. Appellant made all the mortgage payments on the Cuba and Mardel properties from his funds.

During the second marriage the parties took out a second mortgage on the Cuba property after which they sold it. Both parties' names appeared on the mortgage; both parties signed the sales contract; and the purchaser made the check payable to both parties. Respondent denied she endorsed the check. Appellant testified she did.

Appellant put the net proceeds from the sale, $19,350, into a bank account in the names of appellant and appellant's eldest son, Gazer. Two thousand dollars of this money was used as a down payment on two and a half lots in DeSoto, Missouri. The lots are adjacent to another lot which the parties purchased earlier, respondent having paid $500 toward the purchase price. The title to the DeSoto property was held in joint names, and the parties agree the property is marital property. Approximately $17,000 remained in the bank account at the time of trial.

The court also heard evidence on the income of the parties, the amount of attorney fees respondent incurred, and each party's relative fitness to have custody of Steven.

The court included both the Mardel and DeSoto properties and the $17,000, which remained from the proceeds of the Cuba sale, in its division of marital property. The trial court awarded respondent $800 in attorney fees, maintenance of $25 per week, custody of Steven and $25 per week as child support.

■ First appellant asserts the trial court erred when it determined that the Mardel property and the proceeds from the sale of the Cuba property were marital property because appellant owned the property prior to the marriage and kept the property separate during the marriage. Appellant's point must be sustained.

The trial court erred when it included the $17,000 bank account and the Mardel property in its division of marital property. Under § 452.330.1, RSMo 1978, the trial court, when dividing property in a dissolution, first must set apart to each spouse his or her separate property and then divide the marital property between them. Section 452.330.2 defines marital property:

"For purposes of section 452.300 to 452.415 only 'marital property' means all property acquired by either spouse subsequent to the marriage except:

    .      .      .      .      .

(2) Property acquired in exchange for property acquired prior to the marriage
. . . .

    .      .      .      .      .

(4) Property excluded by valid agreement of the parties . . . ."

The Mardel and Cuba properties were not marital property because they were not acquired subsequent to the marriage, but were acquired by petitioner prior to the marriage. The $17,000 remains appellant's separate property as "property acquired in exchange for property acquired prior to the marriage," i.e. in exchange for the Cuba property.

The property could have become marital property if both parties intended to change the property from separate to marital. *In re Marriage of Kaiser*, 568 S.W.2d 571, 573 (Mo.App.1978); *Stark v. Stark*, 539 S.W.2d 779, 782[2–4] (Mo.App.1976); *Cain v. Cain*, 536 S.W.2d 866, 869 (Mo.App.1976).

There was insufficient evidence, however, of an intent on the part of both parties to change the properties' status from separate to marital. On the contrary, an ante nuptial agreement signed by respondent prior to the second marriage recognized the Cuba property as the separate property of appellant.

*In re Marriage of Kaiser, supra*, arose from a similar set of facts, and the property in dispute there was held to be the separate property of the wife, to whom it had been conveyed after the dissolution of a first marriage and before the parties married the second time.

Respondent argues that the parties' intent to change the status of the properties to marital is demonstrated by the fact that her name appeared on the mortgages, community funds were used to make payments on the mortgages, she signed the sales contract for the Cuba property, and her name appeared as one of the payees on the payment check when the Cuba property was sold. Assuming arguendo the parties' oral agreement was not effective to keep their incomes separate, the use of community funds to pay off encumbrances on separate property and the appearance of the non-owning spouse's name on the mortgage are not sufficient to demonstrate an intent to transform property into marital property. *In re Marriage of Kaiser, supra; Stark v. Stark, supra; Cain v. Cain, supra* at 782.

Respondent's signature on the sale contract of the Cuba property also does not demonstrate an intent to change the nature of the property. Nor does the appearance of respondent's name as payee on the payment check. These facts demonstrate the intent of a cautious purchaser to insure his good title in the property, but say nothing about the intent of the parties regarding the land. The evidence was insufficient to demonstrate an intent by appellant to transform his separate property into marital property.

In addition, the parties' premarital agreement and appellant's quit claim of the Mardel property to his son clearly establish appellant's intent to keep his separate property separate. The trial court erred in including the Mardel property and the $17,000 proceeds from the sale of the Cuba property in the division of marital property. These remained appellant's separate property. The parties' only marital realty is the DeSoto property.

■ Appellant in his second point challenges the award of maintenance to respondent. In light of the reversal of the trial court's determination of marital property, the award of maintenance is also reversed. A factor in determining the need for maintenance is the assets of each party, including the marital property apportioned to the party seeking maintenance. § 452.335, RSMo 1978. Because the amount of marital property is far less than the trial court first determined, the trial court's maintenance determination will in all likelihood be affected.

■ This court also notes that the trial court misstated the law in its nunc pro tunc order when it said, "Further, Respondent is entitled to live in the same manner she was accustom (sic) to during the marriage, and therefore entitled to an award of maintenance." The proper standard is the reasonable needs of the parties. § 452.335, RSMo 1978. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857[4] (Mo.App.1977). The *Brueggemann* opinion gives an excellent explanation of the proper standard for determining maintenance awards. *Brueggemann, supra* at 856–858.

Appellant also claims the trial court erred in awarding custody of the parties' son, Steven, and attorney fees to respondent because such awards were not based on substantial evidence or were against the weight of the evidence.

After a thorough examination of the record and case research, this court has determined that a lengthy discussion of the custody and attorney fees issues would be of little value. Under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976) the child custody and attorney fees judgments should be affirmed.

The judgment dissolving the marriage and awarding custody, child support and attorney fees to the respondent is affirmed. Those portions of the judgment determining and distributing marital property and awarding maintenance are reversed and remanded for a new trial.

REINHARD, P. J., and CRIST, J., concur.