Edna STAPLETON, Respondent,

v.

John O. STAPLETON, Appellant.

No. 44166.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

REINHARD, Presiding Judge.

Husband appeals from the property distribution provisions of a dissolution decree. We affirm.

Wife was 58 and the husband 61 when they married; it was the second marriage for each. Before the marriage, wife lived on a farm which she owned. Husband lived in his own home, but sometime before the marriage, he sold it and moved in with wife. They then jointly operated the farm. The parties separated in October, 1980.

The evidence revealed some improvements were made on the property during the marriage. In addition, a mortgage of $750.00 was paid off with marital funds.

In the dissolution decree, the court awarded each party various items of separate property. It awarded wife her farm as separate property. The court then allocated specific items of marital property to each party on an equal basis. The remaining unspecified property was to be sold at public auction and the proceeds divided equally.

On appeal, husband's main contention centers on the failure of the trial court to make allowance for the increase in the value of wife's separately owned property. Husband asserts the increase in value is attributable to his labor, personal money and marital funds expended toward improving the property and reducing the mortgage.

Wife's farm is her separate property as it was acquired before the marriage. *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App.1979). The trial court, when allocating marital assets, may consider physical efforts and the value of marital and separate funds expended upon separate property to reduce a mortgage or to make improvements. It may also place a charge upon the separate property to the extent that separate or marital funds are expended to reduce a mortgage or enhance its value. *Rickelman v. Rickelman*, 625 S.W.2d 901, 902 (Mo.App.1981); *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 272 (Mo.App.1979).

No request for findings of fact and conclusions of law were made. We have

James J. Knappenberger, Clayton, for appellant.

Darryl L. Hicks, Warrenton, for respondent.

carefully reviewed the record presented [1], in light of the scope of review in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), and find that the trial court committed no error in allocating the marital property or in failing to place a charge upon wife's separate property.

Husband's other complaints are without merit. His complaint that the court failed to place a valuation upon each of the items of marital property is groundless because no request for findings of fact and conclusions of law were made. *See, Reynolds v. Reynolds*, 610 S.W.2d 311, 313 (Mo.App.1980).

Husband also contends that the wife was permitted over objection to introduce evidence of his misconduct when it had not been pleaded. Husband asserts this evidence of alleged misconduct caused the court to enter an excessive award in favor of the wife. For the purposes of the distribution of marital property, evidence of marital misconduct may be admitted into evidence, even though it is not pleaded. *See, McMillin v. McMillin*, 633 S.W.2d 223 (Mo.App.1982). Moreover, the decree here reveals the trial court attempted to divide the marital property equally. Wife was not awarded a disproportionate share of the marital property. This point is ruled against husband.

Affirmed.

SNYDER and CRIST, JJ., concur.

---

1. Exhibit C, husband's cancelled checks, was    not filed with this court.