**Warren PYATT, Petitioner-Respondent,**

v.

**Irene PYATT, Respondent-Appellant.**

**No. 12293.**

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 1982.

William E. Gladden, Houston, for plaintiff-respondent.

Cynthia MacPherson, Mountain Grove, for respondent-appellant.

GREENE, Presiding Judge.

Irene Pyatt appeals from a judgment entered in a dissolution of marriage action wherein the trial court declared that $4,995.15, paid during the marriage by her husband, Warren, from his individual funds to satisfy a note secured by a deed of trust on real estate acquired by Irene and her son before her marriage to Warren, was marital property, which sum the trial court awarded to Warren.

The marriage of Warren and Irene Pyatt was stormy and short-lived. They were married on March 29, 1980. Each had real and personal property from prior marriages. Prior to their marriage, Warren and Irene executed an antenuptial agreement which stated that neither party to the agreement would, subsequent to the marriage, acquire any interest, right or claim in any real or personal property of which the other was "seised [sic], possessed or entitled to hereafter." In the schedule of their assets incorporated in the agreement, it was shown that Irene had joint ownership with her son of a house and lot located at 411 West 13th Street, Mountain Grove, Missouri.

Irene and Warren separated on April 14, 1980. At that time, Warren filed a petition for dissolution of marriage, in which he alleged that the parties had no marital property. About two weeks later, Warren and Irene reconciled. On May 6, 1980, Warren "paid off" a note, secured by a deed of

trust on Irene's house and lot, on which there was a balance of $4,995.15. The funds used to pay off the note came from a checking account Warren had in the West Plains Bank.

On June 29, 1980, Warren and Irene separated for a second time. Warren then filed an amended dissolution petition alleging that, to the extent of the $4,995.15 which had been expended by him to pay off the note, Irene's home was marital property. Irene filed an answer and counter-petition alleging that, by reason of the antenuptial agreement, Warren had no interest in her home, and also claimed that the payment by Warren on the note was a gift to her. Irene requested the court, among other things, to make a finding that there was no marital property to be divided.

At trial, Warren claimed that he paid off the mortgage because of Irene's promise that if he did so, she would put her home in their joint names but that she refused to do so after he had made the payment. Irene testified that Warren had paid off the mortgage to "save the interest" and that he intended to make a gift to her of the note payoff. No other witness testified.

■ The judgment of the trial court in a court-tried case must be affirmed if it is based on substantial evidence, is not against the weight of the evidence, and contains no erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 452.330.1 provides that in a dissolution action the court shall set apart to each spouse his property and divide the marital property in such proportions as the court deems just after considering all relevant factors. Section 452.330.2 defines marital property as all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage.

The trial court based the finding in question on § 452.330.2 by stating that Irene acquired $4,995.15 from Warren during the marriage; that, because of the statutory pronouncement, that sum was presumed to be marital property; that Irene had the burden of showing that she had acquired the sum in question by gift, and that she had failed to carry that burden.

■ That finding was based on an erroneous declaration and application of law. It was undisputed that Irene and her son owned the house and lot in Mountain Grove prior to her marriage to Warren. Under the statute, Irene's interest in that real estate was her sole and separate property. The fact that during the marriage Warren paid off the existing mortgage from his own funds did not change the legal status of the real estate. Irene's sole and separate legal interest in the property was not converted to "marital property" by reason of the payment of the note secured by a deed of trust. *Cain v. Cain*, 536 S.W.2d 866, 868–875 (Mo.App.1976). See also *Stark v. Stark*, 539 S.W.2d 779, 782 (Mo.App.1976), and *In re Marriage of Morris*, 588 S.W.2d 39, 44 (Mo.App.1979).

While it is true that the present value of Irene's property was enhanced to the extent of $4,995.15, by reason of Warren paying off the mortgage, that fact does not, by reason of the statute, create a marital property interest in Warren. *Cain v. Cain*, supra, at p. 875. The present value of Irene's property was a factor that the trial court could have considered had there been true marital property of the parties to be divided, but there was none.

Since we have held that Warren had no marital property interest in Irene's house and lot, it is unnecessary to discuss the burden of proof question, even though we believe that the court's judgment in awarding the $4,995.15 to Warren would fail on

that issue also. See *Davis v. Broughton,* 369 S.W.2d 857, 862 (Mo.App.1963); *Conrad v. Bowers,* 533 S.W.2d 614, 619–623 (Mo. App.1975); *Nilges v. Nilges,* 610 S.W.2d 58, 60–61 (Mo.App.1980).

That portion of the judgment of the trial court finding that there was marital property of the parties in the sum of $4,995.15 and awarding such sum to Warren is reversed, and the cause is remanded to the trial court with directions to delete from the judgment that part which reads "It is found by the Court that there was marital property of the parties in the sum of Four Thousand Nine Hundred Ninety-five Dollars Fifteen Cents ($4,995.15) and it is ordered, adjudged and decreed that the said marital property is divided by awarding the sum of Four Thousand Nine Hundred Ninety-five Dollars Fifteen Cents ($4,995.15) to Petitioner to be paid to Petitioner by Respondent and Respondent is awarded none of said marital property" and to insert in lieu thereof a finding that there was no marital property of the parties to be divided. The remaining portions of the trial court's judgment are affirmed.

All concur.