**Thomas G. TYGETT,
Petitioner-Respondent,**

v.

**Anita A. TYGETT,
Respondent-Appellant.**

**No. 44683.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1982.

Edward E. Calvin, Cape Girardeau, for respondent-appellant.

John P. Bradshaw, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for petitioner-respondent.

DOWD, Presiding Judge.

Anita A. Tygett appeals from the decree of legal separation entered below.[1] She contends the court abused its discretion in 1) not awarding temporary maintenance and child support; 2) finding the marriage to be irretrievably broken; 3) not awarding periodic maintenance; and 4) unjustly dividing the marital property.

The parties were married in 1959. At the time of their marriage the appellant wife Anita was a student at the University of Missouri at Columbia and husband Tom Tygett was a dental student at the University

---

1. The Court further ordered that this decree of legal separation may, after 90 days, be converted to a degree of dissolution upon proper application of either party.

of Missouri Kansas City. After their marriage, appellant wife secured a secretarial job, and used her salary to pay all their expenses except tuition. However, due to her pregnancy she was required to quit six months later.

When Tom graduated from dental school the parties moved to Texas where he served two years as a dentist in the Air Force. The parties had three children by the year 1962.

The Tygetts subsequently settled in Cape Girardeau, Missouri where Tom established his private practice. Two more children were born of the marriage.

The parties began experiencing marital discord as early as 1961 with the conception of their third child. They lived apart for varying periods of time and in 1975 they finally ceased relations as husband and wife. In 1978 they agreed that one of them had to physically move out. The husband Tom then moved upstairs into the oldest son's room where he remained for two years. The husband Tom moved out of the family home in February of 1980 and in March of 1981 filed a petition for dissolution contending appellant wife Anita's zealous religious beliefs and false accusations of infidelity were such that he could not reasonably be expected to live with her. Appellant wife then filed an answer with a request for an order of legal separation. At the dissolution hearing husband Tom did stipulate to having sexual relations with a woman other than his wife since the separation.

Our scope of review of this court tried case requires us to sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *In re Marriage of Hayden,* 588 S.W.2d 165, 166–167 (Mo. App.1979).

In her first point relied on appellant wife contends the court abused its discretion in not awarding temporary maintenance and child support. We disagree. The wife does not have an absolute right to temporary allowance, rather, the award of temporary allowance depends on the financial necessities of the wife and the abilities of the husband to pay. *Roberts v. Roberts,* 450 S.W.2d 469, 473 (Mo.App.1972). When the husband Tom moved out of the family residence he began sending appellant wife $1,500.00 for her support and that of the children. Subsequently, when two of the four children still living at home moved in with him he sent her $500.00 and finally $1,000.00. Therefore, the financial necessities of the wife were met and the husband fulfilled his primary responsibility for the support of his children. § 452.335, § 452.-340(1) RSMo 1978. We fail to find the court abused its discretion in not awarding appellant wife temporary maintenance and child support. Point denied.

Appellant next contends there was insufficient evidence to support the trial court's finding of irretrievable breakdown. When the respondent in a dissolution action has denied that the marriage is irretrievably broken, the petitioner must satisfy the court of at least one of the five factors set out in § 452.320 RSMo 1978. *C.B.H. v. R.N.H.,* 571 S.W.2d 449, 452 (Mo. App.1978). Specifically, § 452.320.2(1)(d) provides that a finding of irretrievable breakdown shall be made when "the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition." We find that there was sufficient evidence to support the trial court's finding as to the parties' separation for the statutory period. At trial the parties testified with regard to the mutuality of the separation. The husband stated that it was suggested he move out and the appellant wife stated that after her husband had lived upstairs for two years "we finally agreed that one of us had to get out." As a result the husband moved out of the family residence in February of 1980 and in March of 1981 filed a petition for dissolution of the marriage.

Therefore, in satisfying § 452.320.2(1)(d) RSMo 1978 the husband has sustained his burden. Point denied.

■ Appellant also contends the court erred in not awarding periodic maintenance and in awarding only maintenance in gross in the amount of $500 per month for two years. We agree. Section 452.335 RSMo 1978 clearly gives the trial court a great deal of discretion in awarding maintenance. *In re Marriage of Powers*, 527 S.W.2d 949, 954, 955 (Mo.App.1975). However, if we believe the trial court abused its discretion we are obligated to enter the judgment the trial court should have entered. *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501, 506 (Mo.App. 1977).

■ In the present case the appellant wife was 44 years old at the time of the hearing and had been married 22 years. She was granted custody of two of the couple's minor children, Matthew 12 and Ann 9 and awarded $600 per month for their support. Section 452.335.1(1) provides that the court in awarding maintenance may consider the marital property apportioned to the parties. A large portion of appellant wife's award consists of her one-half interest in the net proceeds from the eventual sale of the family home which was valued at $215,000 subject to a deed of trust of approximately $45,000. It also included $1,000 in a savings account, a $12,000 promissory note, two life insurance policies, and some personal items. As appellant wife will eventually need to provide a home for herself and the two minor children, we do not feel the marital property alone will allow her to meet her reasonable needs.

■ In determining the wife's ability to support herself, the court is not restricted to a consideration of present earnings and can consider prior earning capacity and probable future prospects, but the evidence must justify the inference that the wife will realize such expectations. *LoPiccolo, supra* p. 506.

Appellant wife is presently unemployed. She has had some secretarial training; at the time of her marriage was just 14 hours short of obtaining her degree in secondary education and has just finished 154 hours of refresher courses for her secretarial skills. After considering the record before us, including appellant wife's age and inexperience we do not feel there is substantial evidence to support the contention that appellant wife would be able to secure a job that would enable her to meet her living expenses.

Respondent husband has received custody of the couple's two other minor children. He was also awarded marital property totaling $154,400.00 plus personal and household items. In addition, the husband has been practicing dentistry in Cape Girardeau for twenty years and has supported the entire family during that time. He also testified that in 1980 he received a gross income of $128,287.00 from his practice. The husband's income shows no likelihood of diminishing in the near future and is sufficient to comfortably provide for his own needs while providing maintenance for his former wife. Given these factors the court should not speculate that in two years the appellant wife could provide for her reasonable needs. *LoPiccolo, supra*, p. 503. Because the trial court's order awarding only $500.00 per month spousal maintenance for two years was not based upon substantial evidence, the order is erroneous and reversed. *Murphy v. Carron, supra.* As such, we enter the order which should have been entered by the trial court. Wife's award should be raised to $800.00 per month with no provision for termination.

■ In her final point on appeal, appellant wife contends the court abused its discretion in unjustly dividing the marital property.

Without detailing the evidence, we believe that the evidence was sufficient to support the court's order as to the distribution of marital property. Appellant wife received approximately $99,200.00 in marital property plus household and personal items. Respondent husband received approximately $154,400.00 in marital property, plus household and personal items. Hus-

band's property included the value of his dental practice and the accounts receivable.[2] Appellant also argues that the court erred in not assigning a value to each of the items awarded. This will not change the result here as neither party made a request for specific findings of fact and conclusions of law. *Waitsman v. Waitsman,* 599 S.W.2d 42 (Mo.App.1980); *Reynolds v. Reynolds,* 610 S.W.2d 311 (Mo.App.1980). Here we believe there was sufficient evidence before the court for it to make a just decision and said division was supported by substantial evidence. § 452.330 RSMo 1978. Point denied.

Because the trial court's order awarding spousal maintenance was based on speculation and not substantial evidence the order is erroneous and is reversed and remanded. As such the trial court is ordered to enter its order and decree consistent with this opinion. Spousal maintenance should be set at $800.00 per month with no provision for termination. In all other respects the trial court's decree is affirmed.

GUNN and SIMON, JJ., concur.

2. Both distributions included the estimated amount of the net proceeds from the sale of the family residence.