Theresa M. TATHAM, Respondent,

v.

Eugene J. TATHAM, Appellant.

No. 46517.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied
Oct. 18, 1983.

James J. Knappenberger, Clayton, for appellant.

W. Morris Taylor, Clayton, for respondent.

REINHARD, Judge.

Dissolution case. Husband appeals. We affirm.

The parties were married in 1967. Wife had a daughter by a previous marriage. A son was born of the marriage in 1968. During the course of the marriage, the parties accumulated certain marital property, the principal item being the marital residence. It was purchased in 1970 and at the time of trial it was encumbered by a deed of trust in the amount of $19,800.00. Wife valued the residence at $50,000.00; husband valued it at $60,000.00. Wife was employed by General Motors Corporation and took home approximately $1,320.00 per month. She had monthly expenses far in excess of her take-home pay. From the time of the separation in early 1981, wife continued to make mortgage payments on the marital residence in the amount of $257.00 per month. In addition, she borrowed money for improvements to the marital residence. Wife presented evidence of attorney's fees in the amount of over $3,000.00.

Husband had been employed as a truck driver earning over $22,000.00 per year, but he became unemployed at the time of separation, when his employer went out of business. At the time of trial, husband was working three days a week with an average gross of $240.00 per week. Husband testified as to expenses in excess of $700.00 per month.

After the hearing, the court dissolved the marriage, granted general custody of the minor child to the wife and reasonable visitation and temporary custody to the husband. Other relevant provisions of the decree as they relate to this appeal are as follows: husband was ordered to pay $45.00 per week for child support, provide medical and dental insurance for the minor child and pay $750.00 for wife's attorney's fees. Wife was awarded the marital residence and ordered to execute a promissory note to husband in the amount of $10,000.00 as and for his equity in the house.

On appeal, husband challenges the provisions of the decree as to disposition of the marital property, the amount of child support, and attorney's fees.

Under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we affirm.

Husband first complains about the failure of the court to ascribe a value to the marital property in its decree. Husband made no request for a specific finding of fact and conclusion of law as required under Rule 73.01. Under these circumstances "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01. We have repeatedly held that the failure of the trial court to fix a dollar amount for each item of marital property does not affect the validity of the decree and its appealability. Judge Dowd, speaking for our court in *Tygett v. Tygett*, 639 S.W.2d 282, 286 (Mo. App.1982), said:

> Appellant also argues that the court erred in not assigning a value to each of the items awarded. This will not change the result here as neither party made a request for specific findings of fact and conclusions of law. *Waitsman v. Waitsman*, 599 S.W.2d 42 (Mo.App.1980); *Reynolds v. Reynolds*, 610 S.W.2d 311 (Mo.App.1980). Here we believe that there was sufficient evidence before the court for it to make a just decision and said division was supported by substantial evidence. § 452.330, RSMo.1978. Point denied.

Here, as in *Tygett*, there was sufficient evidence for the court to make a just

decision and that division was supported by substantial evidence. Relying on wife's testimony that the marital home was worth approximately $50,000.00 less approximately a $20,000.00 deed of trust, that left an equity in the home of $30,000.00. Husband thus received approximately one-third of the equity in the home. In the circumstances of this case, this did not constitute an abuse of the trial court's discretion.

■ Husband further complains that the $45.00 per week child support payment and medical insurance provisions constituted an abuse of discretion. The evidence established that the total amount of support required for the child far exceeded the amount the trial court ordered husband to pay. The court was not confined to the present income of the father and could consider his past income as well as the other factors enumerated under § 452.340, RSMo. 1978. *Mueller v. Jones*, 583 S.W.2d 222, 224 (Mo.App.1979). Our examination of the record reveals that the court did not err in this determination. This point is without merit.

■ In husband's final point, he complains about the payment of $750.00 for the wife's attorney's fees. Again, the evidence indicated that the attorney's fees far exceeded the amount that he was ordered to pay. We find no abuse of discretion.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.