In re the MARRIAGE OF Carole L. HARDY, Respondent,

and

Carrol E. Hardy, Appellant,

and

R.B. Williams, Third-Party Defendant.

No. 45707.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 30, 1983.

John W. Buechner, Manchester, for appellant.

Julius H. Berg, St. Louis, for respondent.

CRIST, Judge.

Marriage dissolution. The parties were married on July 5, 1974, separated September 16, 1980 and divorced March 15, 1982. This was wife's third marriage and husband's second marriage. No children were born of the marriage, but each had grown children by prior marriages. Husband is not happy with the trial court's division of property, and appeals. We affirm.

Wife was awarded separate property valued at approximately $68,000. Husband was awarded separate property valued at $5,654. Wife was awarded marital property consisting of personal belongings of an undetermined value and other property valued at $66,400. Husband was awarded marital property consisting of furniture and personal belongings of an undetermined value and other property valued at $60,438.

■ Husband contends he should have been awarded exactly one-half of the value of the marital property. Although husband did not request specific findings, Rule 73.-01(a)(2), he insists the trial court must specifically set out which factor or factors, listed in § 452.330 RSMo 1978, led to the unequal division of marital property. There was evidence wife contributed more to the acquisition of the marital property, and the difference in wife's share and husband's share was not great. See, *Waitsman v. Waitsman,* 599 S.W.2d 42 (Mo.App.1980); *Reynolds v. Reynolds,* 610 S.W.2d 311 (Mo. App.1980) and *Forsythe v. Forsythe,* 591 S.W.2d 222 (Mo.App.1979). The finding of the trial court that it had considered the factors set forth in § 452.330 in dividing the marital property was sufficient to show it had properly considered these factors without further specificity.

■ In his second argument, husband alleges the trial court erred in finding he had no interest in the stock of Country Manor, Inc., a nursing home owned by wife's stepfather, who was the third-party defendant in this suit. While stepfather had stated he was going to transfer the nursing home stock to husband and wife in the future and had the forms to facilitate such transfer prepared, both stepfather and wife testified there had been no transfer of the stock in question. There was no documentary evidence to show the stock had been transferred. See, *In re Estate of Evans,* 614 S.W.2d 315, 317 (Mo.App.1981). The evidence supports the trial court's finding stepfather owned all the nursing home stock and no effective transfer to husband and/or wife had occurred. Rule 73.01(c).

■ Finally, husband asserts the trial court did not divide furniture and tools located in Fairway Condominium. Fairway Condominium was awarded to wife as part of her property with no notation as to whether or not there was furniture therein. There was no evidence of furniture being in Fairway Condominium. The sole reference to tools was in a letter addressed to the court five months after the case was submitted. There could be no error in not making an award of property not of record. If there were an appropriate record, this court could remedy any omission by modification. The burden was upon husband to provide such record. *In re Marriage of Robinson,* 570 S.W.2d 320, 322 (Mo.App. 1978) and *Broyles v. Broyles,* 555 S.W.2d 696, 700 (Mo.App.1977).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.