Evelyn Jean BUSBY,
Petitioner-Respondent,

v.

Grant A. BUSBY, Respondent-Appellant.

No. WD 34793.

Missouri Court of Appeals,
Western District.

April 10, 1984.

**598**

R. Max Humphreys, Trenton, for respondent-appellant.

Wilbur L. Pollard, Kansas City, for petitioner-respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Grant Busby appeals from a decree of dissolution of his marriage to respondent Evelyn Jean Busby. His sole point on appeal challenges the treatment as marital property of a parcel of real estate which he owned prior to the marriage.

■ Findings of fact or conclusions of law were neither requested nor made; therefore, all of fact issues will be considered found in accordance with the result reached by the trial court. *Stark v. Stark,* 539 S.W.2d 779, 781 (Mo.App.1976). Appellant acquired title to the land in question, approximately 76 acres of farmland in Mercer County, Missouri, on April 12, 1965, some four years prior to the marriage. This property served as home for the parties, for their only child, and for a child from appellant's previous marriage, until their separation sometime in June, 1979. Respondent and the parties' child continue to live in the home since the separation.

Respondent did not dispute the fact that her husband owned the property prior to the marriage, and that title remained in the husband's name throughout the marriage. According to respondent's testimony and unchallenged by appellant, however, both parties believed the property to have been titled in both of the parties' names. The wife testified she was "under the impression" that her name was on the property because "not too long after we got married, we bought some additional ground and we refinanced through the Federal Land Bank and at that time my name was supposed to have been put on all of the property." Respondent testified that her husband had told her that her name was on the property. Only on the eve of trial after checking the records did the appellant discover otherwise. He then related this discovery to his wife. During the marriage the parties built a new home on the property after the previous one burned. In addition, a large metal machine shed was erected on the property. The evidence, essentially uncontradicted by the appellant, demonstrated that the wife had personally conducted the farming tasks up until the last

three years of the ten-year marriage while he had operated a trucking business which required him to be on the road extensively.

In its decree the trial court awarded the Mercer County farm property to the wife as her sole and separate property free and clear of any claims of appellant, but subject to any valid deeds of trust or liens of record. In doing so the court implicitly treated the property as marital.

The husband argues on appeal that the court erred in failing to set aside the 76 acres of farmland as his separate property because the evidence was not disputed that the land had been purchased by him prior to the marriage, had never been titled jointly in the parties' names, and no evidence had been presented that the property had been converted from non-marital to marital. Respondent would sustain the trial court's treatment of the property as marital because she claims the evidence demonstrated that the 76 acres was transmuted into marital property and that the parties operated as a partnership or joint operation with respect to the property. Notably appellant does not question the trial court's manner of distribution of the farm property upon the finding that the property was marital.

■ The trial judge has the superior opportunity to assess the demeanor and credibility of the witnesses and weigh their testimony accordingly. *Rasmussen v. Rasmussen,* 627 S.W.2d 117, 120 (Mo.App. 1982). The trial court's ruling will not be disturbed unless there is no substantial evidence to support it, unless the judgment is against the weight of the evidence, or unless it is the result of an erroneous application or declaration of the law. Rule 73.01; *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Section 452.330.1 RSMo.Cum.Supp. 1983 directs the trial court to set apart to each spouse his separate property, and divide the marital property in proportions as the court deems just, keeping in mind four nonexclusive factors. One factor includes the value of property which has been set

apart to each spouse. Section 452.330.1(2). Implicitly all property not encompassed within the definition of marital property constitutes separate property, *i.e.* property *not* "acquired by either spouse subsequent to the marriage and prior to a decree of legal separation ...." Section 452.330.3; *Cain v. Cain,* 536 S.W.2d 866 (Mo.App. 1976).

■ The status of property as marital or separate becomes fixed as of the time of its acquisition. *Cain, supra,* at 871. In *Cain,* a parcel of land acquired by the husband prior to the parties' marriage was held to have remained as separate property even though the balance of the loan as secured by a purchase money mortgage had been reduced during the marriage using marital funds. Property owned by a spouse prior to the marriage is separate. *McKenna v. McKenna,* 607 S.W.2d 464, 466 (Mo.App.1980). *See also Pyatt v. Pyatt,* 636 S.W.2d 168, 169 (Mo.App.1982). The separate status of property acquired prior to the marriage is likewise not altered by the fact that improvements have been made using marital funds that enhance the property's value. *Stark v. Stark, supra,* at 902; *Rickelman v. Rickelman,* 625 S.W.2d 901, 902 (Mo.App.1981); *In re Marriage of Morris,* 588 S.W.2d 39, 44 (Mo. App.1979). To compensate the marital community for the funds expended for improvements to or for the reduction of indebtedness on the spouse's separate property, courts have exercised the authority to impose a charge to the extent of the expended funds. *Rickelman, supra,* at 902; *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 272 (Mo.App.1979); *Stapleton v. Stapleton,* 637 S.W.2d 210 (Mo.App.1982).

■ The countervailing principle to be considered is that the statute governing the disposition of property in dissolution cases does not prohibit one spouse from making a gift of or contributing to the marital community the property acquired prior to the marriage. *Conrad v. Bowers,* 533 S.W.2d 614, 621 n. 10 (Mo.App.1975); *Daniels v. Daniels,* 557 S.W.2d 702 (Mo.App. 1977); *Stark v. Stark, supra; Hauser v.*

*Hauser,* 625 S.W.2d 924, 926 (Mo.App. 1981). *See also* Fowler and Krauskopf, Property Provisions, 29 J. of Mo.Bar. 508, 512 (1973). "[A] spouse may by agreement, either express or implied, or by gift, transmute an item of separate property into marital property." *Daniels, supra,* at 704. A "clear intention" to contribute to the community or to the other spouse must be demonstrated. *Stark, supra,* at 782.

As pointed out by the appellant in the instant case, the parties here do not dispute the fact that the farm property was purchased by him before marriage. The salient issue becomes whether substantial evidence was presented to show the appellant's clear intent to contribute his separate property as an asset of the marriage.

In *Daniels v. Daniels,* the court applied the principle of transmutation to a credit union account held solely in the husband's name and assumed to have been opened before the marriage. The husband had brought home a signature card for his wife leading her to believe the account had been contributed to their joint assets. Acting on this belief, the wife made monthly deposits into the account and the funds were used for joint purposes. "The parties by their actions clearly intended and acted upon their intention that [the credit union] account had been converted into and was to be marital property." 557 S.W.2d at 704.

The facts relied upon by appellant do not evidence the "clear intent" on the part of both parties to transform the status of the property from separate to marital. The fact that improvements on the property were made does not alter the land's separate character. *Stark, supra; Rickelman, supra, Morris, supra.* The fact that respondent personally farmed the land indicates only that the parties intended to operate as a partnership with respect to the income derived from the land, rather than with respect to a partnership interest in the land itself. Even if the court infers from the respondent's testimony that she joined in a mortgage obligation secured by the farmland, the clear intent necessary to show transmutation will not have been demonstrated. *Stark, supra; Hauser, supra.*

The fact that the land remained titled solely in the appellant's name speaks louder than the assertion by respondent concerning the parties' intent and her belief that title was in both names. *See Stark, supra.* In *Hauser v. Hauser, supra,* the court found the evidence insufficient to prove the intent to contribute separate real estate as a marital asset where title remained in a single spouse's name, even though both names appeared on a mortgage note and on a contract to sell the land. Respondent's testimony that title was "supposed to have been put in her name" early in the marriage is conclusory in nature and fails to prove any agreement, express or implied, or intended gift of the property to her by her husband. Limited to respondent's unadorned assertion that both parties believed the property to have been titled jointly, this evidence alone does not demonstrate a clear intent by respondent to contribute the land as a marital asset.

That part of the judgment relating to maintenance and the division of property is reversed; the finding of the property being marital was an erroneous declaration and application of the law. *Pyatt, supra,* at 169. The cause is remanded to the trial court to enter a new judgment that sets off to the husband as his separate property the subject 76 acres of farmland located in Mercer County. The court is to then consider, and may receive evidence as to, 1) whether an additional distribution of marital assets should be made to the wife and/or an additional award of maintenance to her and 2) whether a lien or charge upon the 76 acres of farmland now set aside to the husband should be imposed in favor of the wife. *Rickelman, supra,* at 902.

All concur.