### In re the MARRIAGE OF Paul Albert WITZEL, Respondent,

### and

### Madonna Sue Witzel, Appellant.

### No. 51615.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 31, 1987.

Alisse C. Camazine, Daniel P. Card, II, St. Louis, for appellant.

William E. Albrecht, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Following a twenty-three year marriage, respondent (Husband) filed for dissolution. Appellant (Wife) brings this appeal from a final Decree of Dissolution of Marriage. We affirm.

Briefly stated, the facts reveal that Husband and Wife were age 45 and 44, respectively, at the time of the dissolution proceeding. There are two, emancipated children of the marriage, who were 21 years old (son) and 18 years old (daughter) at the time of dissolution. It was determined that Wife committed acts of adultery with her daughter's husband for a period of 5 to 7 months, which precipitated the marital separation. Husband testified that such conduct destroyed his relationship with Wife and that the marriage was thereby irretrievably broken. Husband admitted having had an extra-marital affair in 1970. Wife testified as to her desire to remain married to Husband. Wife was hospitalized for psychiatric care (depression) after the termination of her affair with her son-in-law, and had three other hospitalizations between October, 1984 and May, 1985.

Further, the facts reveal that Wife is currently employed full-time as a secretary for Prucare, Prudential Health Care Plan, Inc. and part-time as a secretary for State Rep. Kaye Steinmetz. Her monthly income from both jobs is $940.00. Husband is employed full-time as a meat cutter at Town & Country IGA. His monthly earnings are $1,628.00.

In her first point, Wife contends that the trial court erred in awarding her limited maintenance (of $200.00 per month) which would terminate twelve months from the date of the decree. Wife argues that this was an abuse of the court's discretion because: Wife's employment history has been periodic (interrupted by periods of hospitalization for psychiatric care); Wife has only a high school education and needs further education to improve her employment opportunities (she requires 83 additional credit hours to obtain a college degree, which

cannot be completed in twelve months); and there is no evidence to indicate any prospective change in Wife's circumstances to justify the elimination of maintenance to Wife after only twelve months.

The trial court has broad discretion in awarding spousal maintenance. Section 452.335. The decree or judgment of the trial court will be affirmed upon our review unless there is no evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In *Doerflinger v. Doerflinger*, 646 S.W.2d 798 (Mo. banc 1983), the court addressed the issue of limited maintenance and stated:

A limited award of maintenance follows an appraisal of future events. Whether a decision to limit maintenance is or is not appropriate in the circumstances depends not upon reassessment by hindsight, but upon whether there was substantial evidence at the time to justify imposition of the limitation. *Id.* at 802.

"In determining the wife's ability to support herself, the court is not restricted to a consideration of present earnings and can consider prior earning capacity and probable future prospects, but the evidence must justify the inference that the wife will realize such expectations." *Tygett v. Tygett*, 639 S.W.2d 282, 285 (Mo.App., E.D.1982). Wife relies on *Tygett v. Tygett*, 639 S.W.2d 282 (Mo.App., E.D.1982), in support of her challenge to the court's ruling. There, the wife was entitled to a maintenance award with no provision for termination or limitation. However, the *Tygett* wife was, and had been, unemployed and was awarded custody of the couple's two minor children. In the case before us, both children are emancipated and Wife is not constrained by custodial responsibilities from seeking employment outside the home. Furthermore, she was holding a full time job at the time of dissolution.

■ Wife also contends that no evidence was adduced to indicate any expectation of a prospective change in her circumstances so that she would no longer need maintenance beyond the twelve month period set by the court. In *Sansone v. Sansone*, 615 S.W.2d 670 (Mo.App., E.D.1981), the court awarded the wife a lump-sum payment of $400.00 per month for one year. There, the court found that a one year period would give the wife adequate time to find employment, become self-sufficient and readjust her lifestyle. Maintenance awards of limited duration should not be based on speculation; however, the supporting spouse need not wait to request modification until it is certain that the supported spouse will be employed. *In Re the Marriage of Powers*, 527 S.W.2d 949, 956 (Mo. App., E.D.1975).

■ Wife has held employment in the past and is experienced as a secretary. Presently, Wife is working full-time and there is no evidence in the record that her recent hospitalizations have jeopardized her work status. This supports the inference that she will continue to earn at least her present after tax income of $940.00 (approximately $13,000.00 annually) per month before maintenance. Wife testified during the dissolution proceeding that she believed that she needed "at least $200.00 a month ..." for support, and that she was "making it" on the $70.00 a week that Husband was giving her pursuant to the *pendente lite* order of support. Her present job includes medical insurance benefits. We note that since the marital separation, and despite her hospitalizations, Wife has managed to secure full-time employment. There is nothing in the record to refute the assumption that Wife is otherwise healthy and competent. She expressed no definite ideas about career goals or educational plans. On consideration of the entire record, including Wife's testimony, we conclude that there was substantial evidence to support the trial court's finding that Wife will be able to continue her work and thereby meet her living expenses. This point is denied.

Wife's second point alleges that the trial court erred and abused its discretion in awarding only $200.00 per month in maintenance because Wife's monthly needs re-

quire additional funds. Further, Wife argues that Husband's monthly income of $1,628.00 gives him the capability to provide her with more than $200.00 per month.

■ The trial court, pursuant to § 452.-335(2) RSMo 1978, is mandated to determine the type and amount of maintenance awarded upon consideration of all relevant factors, including seven specified ones listed in this statute. The conduct during the marriage of the party seeking maintenance is one such relevant factor. While Husband admits to an extramarital affair in 1970, it is evident that the court also found Wife's conduct in her affair with her son-in-law to be marital misconduct, if not the precipitating event in the present dissolution action.

■ Furthermore, the trial court makes the distribution of marital property as it deems just, and this does not necessarily mean an equal distribution. This is particularly true where the party seeking modification has engaged in marital misconduct. *Maize v. Maize*, 652 S.W.2d 751, 754 (Mo. App., E.D.1983).

■ Wife urges this court to take into consideration both parties' marital misconduct. We have nothing before us, however, to counter the presumption that the trial court did consider both Husband's extramarital affair in 1970 and Wife's extramarital affair with her son-in-law in determining the award. Wife was awarded the marital home, which has an appraised value of $62,500.00 and an existing mortgage of $9,900.00. Her monthly mortgage payments are approximately $210.00.[1] We note that the trial court's award of $200.00 per month would easily cover the major part of the mortgage for the one year period. Husband was awarded a $25,-000.00 lien in the equity of the marital home, plus 9% interest, to be paid within one year from date of the Decree. Wife contends that the lien will force her to sell the home. That may be true, and a court is not in error for forcing the sale of the marital residence, especially where the children are emancipated. We note that Wife

may consider other options, such as a second mortgage on the property, a loan from family or other sources, to meet the $25,-000.00 obligation. Wife has no outstanding marital debts assigned to her and is responsible only for her credit card charges. Husband has been ordered to pay all of Wife's medical bills ($7,300.00) for her psychiatric care and her attorney's fees ($2,500.00). From the foregoing analysis, we hold that the trial court did not abuse its discretion in determining the amount of the maintenance award. This point is denied.

■ Finally, Wife contends that the trial court erred in failing to divide Husband's fully vested pension plan as a part of the property distribution. Both Husband and Wife agree that Husband's Pension Plan ($3,000.00) accrued during the marriage and is marital property. In the seminal case on this subject, *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982), it was stated that it is not mandatory to divide pension benefits, fixed or otherwise, between spouses where other assets are available. *Id.* at 666.

The trial court takes into account all relevant factors set forth in § 452.335.2, RSMo 1978, in dividing marital property. The court's award to Husband of his $3,000.00 Pension Plan was not an abuse of discretion in that the court considered all other marital property in its distribution of the marital assets. Wife concedes that it is well recognized that an equal distribution of a pension fund is not mandatory. *Barker v. Barker*, 684 S.W.2d 497, 498 (Mo. App., E.D.1984). Wife was awarded the marital home, the substantial amount of home furnishings, a fully paid 1984 Chevrolet Cavalier, those IRA and bank accounts in her name, and a life insurance policy. She is responsible for the mortgage and her credit card expenses. Husband received his IRA and bank accounts, a 1978 Chevrolet Malibu, a 1985 Jeep Wagoneer (subject to an installment loan), his pension plan, two life insurance policies, and a lien of $25,000.00 plus 9% interest. He is responsible for $200.00 per month mainte-

---

1. It is unclear from the record, but these payments may currently be $243.00.

nance for one year, Wife's attorney's fees, and Wife's medical bills. Considering the totality of the property division, the trial court did not abuse its discretion in awarding husband his pension benefit of $3,000.00. This point is denied.

The judgment is affirmed.

SIMON and STEPHAN, JJ., concur.